THE HOUSING AUTHORITY OF THE CITY OF NORTH LITTLE ROCK, ARK. *v.* AMSLER, JUDGE

5-3511                              393 S. W. 2d 268

Opinion Delivered May 31, 1965.

[Rehearing denied September 20, 1965.]

*Byron Bogard* and *U. A. Gentry,* for petitioner.

No brief filed for Respondent.

PAUL WARD, Associate Justice. Petitioner, the Housing Authority of the City of North Little Rock, in an eminent domain proceeding, instituted its complaint in the Pulaski County Circuit Court for the purpose of acquiring title to a certain parcel of land, such land belonging to the Arkansas Transportation Company, Inc., a domestic corporation. It was alleged in complaint that the land was *necessary* (Emphasis added.) for public use in the Authority's undertaking of constructing low-cost housing, and the complaint set out that the appraised value of said land was $13,500.00. Arkansas Transportation Company did not question the right of the Housing Authority to proceed, but asserted that the land was worth $95,000.00. On trial, the jury returned a verdict of $45,000.00. Thereafter, but before the entry of judgment, the Board of Commissioners of the Housing Authority determined to *exclude* (Emphasis added.) the property from the housing project, rather than purchase same at the value fixed by the jury, and accordingly filed a motion to dismiss the complaint as to that particular parcel of land. Arkansas Transportation then filed a motion, praying that the court require the petitioner (Housing Authority) to reimburse it in the amount of $14,000.00 for expenses incurred in defense of the action. The court dismissed the complaint (as to lands owned by Arkansas Transportation) in accordance with the motion filed by petitioner, but, with reference to the motion by Arkansas Transportation Company, set a date for a hearing to determine the expenses, if any, to which the company was entitled.

Petitioner, in this action, seeks a Writ of Prohibition to restrain the trial court from conducting the aforementioned hearing, contending that the court has no jurisdiction to award the landowner expenses incurred in the defense of the eminent domain proceeding, and further, that, even though the expenses of Arkansas Transportation were recoverable, such recovery would have to be sought in an independent suit.

In support of the petition two principal arguments are made: (a) The matter of eminent domain is exclusively statutory, and (b), the circuit court (in the absence of

a statute) has no authority to assess against petitioner expenses incurred by the property owner.

(a)   In petitioner's brief it is stated:

"The proceeding for the condemnation of lands is not a common-law action, but is exclusively statutory. In the case of *Mountain Park Terminal Railway Co.* v. *Field,* 76 Ark. 239, 88 S. W. 897, the Court said:

'The proceeding under our statute is a special one, directed solely to the object of determining the compensation to be paid the owner of property proposed to be taken'.   Citing Bentonville Railroad v. Stroud, **45 Ark.** 280."

Petitioner failed, however, to point out that the cases cited in support of this point deal with a special statute relating to railroads — being § § 6545 and 6546 of Kirby's Digest [Ark. Stat. Ann. § § 73-305 and 73-306 (Repl. 1957) ].  To show conclusively that the matter of eminent domain was cognizable at common law we need only to refer to Nichols on Eminent Domain (1964 Ed.) § 1.12 where it is pointed out that the power to take private property for public use has always been exercised since the days of the Romans. Also, § 1-14[2] of the same authority, in speaking of eminent domain, states, "It does not require recognition by constitutional provision, but exists in absolute and unlimited form".  To sustain the above the author cites cases from 35 states including the case of *Young* v. *City of Gurdon,* 169 Ark. 399, 275 S. W. 890, and *Smith* v. *Arkansas Irrigation Co.,* 200 Ark. 1022, 142 S. W. 2d 509.

(b)   We find no merit in petitioner's contention that the trial court is powerless (in the absence of a statute) to require it to reimburse the landowner for expenses incurred in the condemnation suit under the facts in this case.  To sustain its contention under this point petitioner quotes extensively from, and relies almost entirely upon, a former decision of this Court in the case of *Selle* v. *City of Fayetteville,* 207 Ark. 966, 184 S. W. 2d 58.  We have carefully studied that decision and are not convinced it supports petitioner's contention.  In the first place, the

reasoning and the conclusions reached appear to us to be contradictory. On the one hand, the case seems to hold the trial court had no authority to assess against the condemner expenses incurred by the landowner because there was no statute authorizing it ot do so. On the other hand, the opinion seems to hold that if the landowner could prove bad faith on the part of the condemner then the trial court could assess said expenses .against condemner — overlooking the very obvious fact that there was no statutory authority for such action. We are unable to understand why a statute would not be as necessary in one instance as in the other.

There are also practical and equitable reasons why, in a case like the one here under consideration, the circuit court has and should have the right to require the condemner to reimburse the property owner. To hold otherwise would, in effect, be in violation of Article 2, § 22 of the Arkansas Constitution which says ''. . . . private property shall not be taken . . . for public use with- ·out just compensation therefor''. It is certainly reasonable to assume that a property owner would be under great pressure to sell his property to the Housing Authority for less money if he knows that otherwise he may have to spend hundreds or thousands of dollars and get absolutely nothing in return. When the Housing Authority (which is supported by taxes) forces a property owner into a state court (which is also supported by taxes) to ask a jury to fix the price it must pay the owner and then chooses to renege merely because the jury verdict is not to its liking, then, we submit, the trial court must have the inherent right to require the Housing Authority to reimburse the owner (for all legitimate and reasonable expenses), otherwise the court is powerless to protect its own processes, the property owners, and the constitution.

There is, in addition to what we already said, another reason why the writ should not be granted in this case. The *Selle* case (upon which petitioner relies so heavily) holds that the property owner can recover said expenses if he can show the condemner acted in bad faith in refusing to accept the jury verdict. The pleadings in

this case show petitioner did not act in good faith. The complaint in the condemnation suit filed by the Housing Authority, and sworn to, states that the property involved is being taken in the public interest and is *necessary* for the public use. (Emphasis added.) Then, without any reason or explanation the Housing Authority merely stated in its motion that it had ". . . determined not to purchase said property at the value affixed by the jury . . . ." In the *Selle* case, heretofore mentioned, there appears this language:

"Bad faith on the part of the city is alleged, and, if true, constituted a cause of action, which would have entitled the land owners to recover a reasonable attorney's fee and any damages that may have resulted from placing a cloud upon the title during the period of the existence of the option to purchase the land."

We are cognizant of the annotation in 92 A.L.R. 2d 355, 366, under the title, "Liability for counsel fees, expenses, and disbursements", in condemnation cases. The essence of this annotation appears to be that in the absence of statute such fees and expenses cannot be recovered by the landowner, but a careful reading of the annotation and the cases cited in support, indicates very clearly it does not rule out recovery of expenses if the condemner does not act in good faith. Some of these cases are noted below. In *State ex rel. Morrison* v. *Helm,* 86 Ariz. 275, 345 P. 2d 202, 206, we find this statement: "This rule [refusing to allow expenses], however, is subject to the qualification that the condemning party shall have acted in good faith both in instituting and in abandoning the proceedings. . . ." In the case of *Hamer* v. *State Highway Com.* (1957, Mo.) 304 S. W. 2d 869, the Supreme Court of Missouri, in considering the same question with which we are concerned here, disallowed the landowner to recover expenses, stating: "But it is held, *in the absence of bad faith or unreasonable delay . . . .*" the landowner is not entitled to recover his expenses. (Emphasis added.) Mentioned also is the *Selle* case. In the same volume of A.L.R. at page 363, § 4, under the sub-head "Effect of condemner's bad faith or unreasonable delay", there appers this statement:

"The rule denying the condemnee's recovery of damages upon the abandonment of eminent domain proceedings, in the absence of statute, is subject to the qualification that the condemner must have acted in good faith . . . ."

Many cases, including the *Selle* case, are cited in support of the quoted rule.

Accordingly the writ is denied and, at the next hearing, the trial court can determine the question of good faith or the lack thereof and also the amount of damages, if any, suffered by the condemnee.

Writ denied.

Robinson, J., concurs; Harris, C. J., and McFaddin, J., dissent.

ED. F. McFADDIN, Associate Justice, (dissenting). My personal feelings are on the side of the landowner in this case, and in most other eminent domain cases. A citizen buys property with his own money, pays taxes, and improves his property under the belief that his home is his castle. Then one fair day some public agency—be it the Highway Commission, the Housing Authority, or what not —decides to take the citizen's property because the Legislature has granted such public agency the power of eminent domain!

And what happens? The citizens is hailed into court; the public agency, with the power of eminent domain, makes the citizen either accept the small amount determined *ex parte* by the public agency to be the value, or else the citizen, at his own expense, must employ an attorney and fight the public agency to get what the citizen feels he is entitled to receive. Finally, the citizen gets a jury verdict in his favor for the value of the property taken by the public agency; but the citizen does not recover from the public agency the amount the citizen has paid for attorney's fees; so the citizen is never made whole!

Under the Workmen's Compensation Law the claimant gets his attorney's fee (Ark. Stat. Ann. § 81-1332 [Repl. 1960]). Under the Insurance Law the policy holder in some cases recovers his attorney's fee (Ark. Stat. Ann. § 66-514 and § 66-524 [Repl. 1957]). But the citizen landowner never gets his attorney's fee from the public agency that takes his property. Why? Simply because the Legislature has never seen fit to enact legislation which gives the citizen landowner his attorney's fee in condemnation matters; and the matter of awarding attorney's fee and costs is in the discretion of the Legislature. I think attorney's fees should be allowed in all eminent domain cases; but my personal feelings do not make the law. I am sworn to enforce the acts of the Legislative Department and to be guided by our former cases. So in the case at bar I lay aside my personal feelings and proceed to view the case as a judge; and, as such, I must dissent from the Majority holding.

There is no sound distinction between this case and our holding in *Selle* v. *City of Fayetteville,* 207 Ark. 966, 184 S. W. 2d 58. We there recognized that if the condemnor had not taken possession of the property before the jury's verdict, then the condemnor, if dissatisfied with the verdict, could dismiss the case. That identical situation exists in the case at bar. We certainly should not overrule the Selle case because the great weight of authority throughout the nation is in accord with our holding in *Selle* v. *Fayetteville, supra.* In Nichols on Eminent Domain, Third Edition, Volume 6, § 26.42, cases from a score of jurisdictions are cited to sustain this textual statement:

"In the states in which condemnation is effected by judicial proceedings it is almost universally held that the mere fact that compensation has been assessed does not prevent a discontinuance of the proceedings. In fact, one of the strongest arguments in favor of this method of exercising the power of eminent domain is the public policy requires the cost of a public improvement to be ascertained before it can be finally determined that it is advisable to undertake the work, and that this cannot be done until the compensation for the land taken has been

finally assessed by the jury or other tribunal required by the constitution o rstatutes. The award in such states is merely an offer which the public agency contemplating the work may accept or decline as it sees fit.''

In 92 A.L.R. 2d 355 there is an annotation entitled ''Liability, upon abandonment of eminent domain proceedings, for loss or expenses incurred by property owner, or for interest on award or judgment.'' In discussing the liability of the condemnor for attorney's fees, the text on page 366 reads:

''In the absence of a statute expressly imposing liability, it has usually been held that a condemnee is not entitled to a recovery for his attorney fees, expenses, or disbursements in connection with eminent domain proceedings by the federal government or a state government, or by an agency of either, upon the abandonment of the proceedings by the condemnor.''

Page after page of cases are cited and discussed to sustain the above quoted statement. There can be no doubt that the law is, or has been until the present Majority holding, that in the absence of a statute so declaring, the landowner cannot recover attorney fees if the condemnor dismisses the condemnation proceeding. In *Romer* v. *Leyner*, 224 Ark. 884, 277 S. W. 2d 66, this Court reaffirmed its statements from earlier cases as follows: ''Attorney's fees are not ordinarily held to be an element of damages which may be recovered for breaches of contract. Attorney's fees cannot be allowed as costs in suits except as provided by statute, the same being regarded as a provision for a penalty and not to be enforced in the state courts.''

As regards the recovery of expert witness fees, we have specifically held that there cannot be a recovery in the absence of statute. *Ark. Game & Fish Comm.* v. *Kizer* 222 Ark. 673, 262 S. W. 2d 265, 39 A.L.R. 2d 1372; *Ark. State Highway Comm.* v. *Union Planters Bank*, 231 Ark. 907, 232 Ark. 200, 333 S. W. 2d 904, 334 S. W. 2d 879.

To overcome all these cases and reach the result that it desires, the Majority now, in effect, overrules *Selle* v

*Fayetteville, supra,* and also says in effect that when the condemnor dismisses its case then the Court will consider whether the condemnor was in bad faith in ever commencing the case. Such a holding is contrary to all the cases that I have found; and the Majority Opinion cites no case to support it. To say the least, the Majority holding in this case is certainly legislative enactment by judicial decision. I submit that it would be far better for this Court to follow the law than to start enacting statutes to reach a desired result.

So because, as I see it, the law is clearly against the Majority holding, I must dissent in this case.