Housing Authority of NLR *v.* Green

5-3961                                          406 S. W. 2d 139

Opinion delivered September 19, 1966

*Byron R. Bogard* and *U. A. Gentry,* for appellant.

*Catlett & Henderson,* for appellee.

Paul Ward, Justice. This appeal is a continuation of the litigation involved in the case of *The Housing Authority of the City of North Little Rock* v. *Amsler, Judge,* 239 Ark. 592, 393 S. W. 2d 268 (decided May 31, 1965), to which reference may be made for fuller details. In that case the Housing Authority asked the trial court for permission to withdraw its suit after the jury had returned a verdict favorable to the landowner. The trial court allowed the withdrawal, but held the Housing Authority must pay the landowner all reasonable expenses for defending the litigation. The trial court then set a hearing on November 13, 1964 to determine the "amount, if any, to be awarded to" . . . the owner.

Before the hearing could be held on November 13,

1964, appellant filed a petition in this Court to prohibit the trial court from proceeding further, contending it had no jurisdiction to award appellee said expenses. On May 31, 1965 we denied the petition and held the trial court did have inherent jurisdiction to award expenses under the circumstances.

Following the decision of this Court, the trial court then found that appellee was entitled to the sum of $12,562.92—hence this appeal.

*One.* We find no merit in appellant's contention that the trial court had no authority to award expenses. Our decision in the prohibition proceeding is now the law in this case, and refutes appellant's contention on this point.

Appellant makes the contention however that our previous decision is not conclusive here because there was evidence to show appellant acted in good faith in dismissing the original suit. Again, we find no merit in this contention. Even though it be conceded for the purpose of this opinion, that a showing of lack of good faith is a prerequisite to jurisdiction, still appellant cannot prevail. The trial court held that appellant failed to show good faith and we think the trial court was correct in so holding. Three witnesses testified for appellant on this point. Their testimony, in substance, was that it did not have enough money to pay the amount of the jury verdict. We cannot be impressed with their reasoning, especially when this acute money situation was not revealed in advance to appellee or the court. Certainly, the situation cannot be attributed to any fault of appellee.

*Two.* We have concluded the allowance of $12,-562.92 made by the trial court is excessive. Testimony on the part of appellee, to justify that amount, was that he had paid two appraisers the sum of $1,400; that he had paid $162.92 for maps, and that his attorney should have $10,000 for his services. The testimony regarding

the last item was far from convincing. It is true that a reputable attorney testified that, in his opinion, a fee of $10,000 was reasonable. However, that testimony appears to have been based on the fact that a verdict of $45,-000 was returned in favor of appellee. The fact, however, is that appellee was not allowed to collect anything. Appellee is entitled to be reimbursed only for all reasonable expense incidental to defending the suit.

We refrain from setting out in detail the testimony relative to the claimed expense because we have concluded the judgment is excessive by the amount of $5,-000.

Therefore, if appellee will, within seventeen calendar days, enter an acceptance of a judgment in the amount of $7,562.92 such judgment will be affirmed, otherwise the judgment will be reversed and the cause remanded for a new trial.

HARRIS, C. J. & McFADDIN, J., dissent.

AMSLER, J., not participating.

ED. F. McFADDIN, Justice, dissenting. In this case I dissent from the affirmance of the Trial Court's judgment for any amount; and here are my reasons:

I.

In the case of *Housing Authority* v. *Amsler, Judge,* 239 Ark. 592, 393 S. W. 2d 268, I stated in considerable detail why I was of the view that the landowner could not recover any damages in this case; and I am still of the view stated in that dissenting opinion.

II.

In the Majority opinion in the said case of *Housing Authority* v. *Amsler, supra,* the Trial Court was empowered to proceed to hear the damage claim; and these are the directions contained in the final paragraph of the said Majority opinion:

"Accordingly the writ is denied and, at the next hearing, the Trial Court can determine the question of good faith or lack thereof and also the amount of damages, if any, suffered by the condemnee."

Thus, under the directions of the Majority, the first question that the Trial Court was to determine was that of good faith or lack thereof on the part of the Housing Authority in surrendering the property without a taking. I find absolutely nothing in the testimony in the trial from which comes this appeal which indicates any lack of good faith on the part of the Housing Authority in surrendering the property. The uncontradicted testimony shows that the Housing Authority took 102 parcels of land before this parcel, and had paid for the 102 parcels a total of $517,706.65; that the balance of funds left in the hands of the Housing Authority was a total of $20,418.35 with which to acquire this parcel of property; that after the jury returned a verdict of $45,000.00 the Housing Authority did not have sufficient funds to acquire this property; and, therefore, the Housing Authority necessarily had to forego the acquisition of this property. The testimony is detailed, and there is none to contradict it. Where is the bad faith on the part of a person who cannot buy property because he does not have the money? The Trial Court had no evidence on which to predicate a finding of bad faith on the part of the Housing Authority.

Therefore I dissent from any affirmance of the judgment for any amount.

I am authorized to state that the Chief Justice joins in this dissent.