Jim HOOD *v.* Earl CHADICK as County Judge of Jefferson County et al

81-18                                    615 S.W. 2d 357

Supreme Court of Arkansas
Opinion delivered May 11, 1981
[Rehearing denied June 8, 1981.]

*Jones & Petty*, for appellant.

*Coleman, Gantt, Ramsay & Cox*, by: *Martin G. Gilbert*, for appellees.

JOHN I. PURTLE, Justice. The Jefferson County Chancery Court dismissed appellant's action wherein he sought to enjoin the county from taking his property for the purpose of developing the grounds around the proposed courthouse. Appellant also sought damages he alleged were caused by the threat of the county to take his property.

On appeal appellant argues seven grounds for reversal. We do not find any grounds for reversal and therefore affirm the decree of the trial court.

Appellant owns property across the street from the front of the Jefferson County Courthouse, at the corner of Barraque and Main. His building was constructed in 1892 and has been a landmark in the city of Pine Bluff for a long time. In fact, the structure has been added to the National Register of Historic Places and is qualified for funds from the Arkansas Historical Preservation Commission to refurbish the building. The Jefferson County Courthouse burned in April 1976 and a temporary courthouse was established across town from the original site. However, there was much talk and sentiment about rebuilding the courthouse on its original location. A commission was appointed, and one of the

many plans they considered involved closing part of Barraque Street and taking the north one-half of the two blocks on the south side of Barraque Street for parking and landscaping, which would include appellant's property.

That plan was approved by the City Council on February 9, 1978. However, the City Council decided to refer the matter to the people in an election to be held in November of 1978. Before the election the city withdrew the question from the ballot. Subsequently another plan was developed which would require the acquisition of appellant's property. This plan was referred to the people in an election held July 17, 1979. The plan was defeated. On July 25, 1979, the county dismissed its condemnation suit which had been filed in response to appellant's original suit in the matter. Appellant's suit had sought to enjoin the county judge and the Courthouse Committee from taking his property and for damages for loss of rentals, court costs and attorney's fees.

The case went on trial on January 9, 1978, on the appellant's complaint and the chancellor denied the prayer for an injunction but held the case in abeyance to determine appellant's damages in the event the county actually did take the property. The final decree was entered on July 9, 1980, in which all issues were ruled adversely to the appellant.

Appellant's points for reversal will not be separated in this opinion because all of them are interrelated. The right of eminent domain of the county is not disputed. Appellant insists the authority to condemn does not extend to property to be used as a parking lot or for beautification. We do not decide that issue because there was no taking at all in this case. There was a condemnation action filed only in response to appellant's suit for an injunction and damages. However, the appellees dismissed their condemnation action long before the appellant tried the damage portion of his lawsuit.

Appellant relies chiefly upon three cases in support of his claim for damages. The earliest one is *Reynolds* v. *Railway Co.*, 59 Ark. 171, 26 S.W. 1039 (1894). In *Reynolds* the railroad filed a condemnation suit and placed $2,000 in the register of the court to pay for damages which the landowner

might suffer. The railroad dismissed the suit and took back its deposit. Reynolds claimed part of the deposit for damages but the trial court denied his claim. It was affirmed by this court in an opinion which declared that if the railroad acted in good faith in filing the suit and did not enter upon or damage the land, the landowner did not have a right to damages. The deposited funds were properly returned to the railroad. Next, appellant argues *Selle* v. *City of Fayetteville*, 207 Ark. 966, 184 S.W. 2d 58 (1944); and *Housing Authority of North Little Rock* v. *Amsler, Judge*, 239 Ark. 592, 393 S.W. 2d 268 (1965). In *Selle* we stated that the city had the right to abandon its action at any stage of the proceeding without the permission of the trial court. We further held that the city could abandon its action even after judgment was rendered, and under the facts of that case no damages or attorney fees were allowed. In *Housing Authority* we held the landowner could recover from the condemnor when there was an attempt to abandon after a verdict was rendered in favor of the landowner. In *Housing Authority* we held bad faith or lack of good faith on the part of the condemnor subjected it to liability of damages but the case was returned to the trial court for the purpose of determining whether there was good or bad faith and the damages if proper. Thus, the landowner did not recover in any of the three cases relied upon by appellant.

In the present action appellees never took possession or even entered upon the appellant's property. No hearing was ever held to determine the damages if appellees were to take the property. Certainly, there is no evidence of bad faith on the part of any of the appellees but to the contra there is much evidence revealing good faith. Even though *Housing Authority*, supra, is authority for the proposition that the landowner may be entitled to compensation when there has been an abandonment by the condemnor after a verdict for the landowner, the appellant here is still not entitled to recover. There was never a condemnation of his property nor did the appellees enter upon or take possession of his property. No damages are allowable for a mere "threat to condemn."

Affirmed.

HOLT, J., not participating.