W. J. JACKSON and Alta Jackson, His Wife *v.* Gothie YOWELL

91-171 818 S.W.2d 950

Supreme Court of Arkansas
Opinion delivered November 11, 1991

*Crumpler, O'Connor & Wynne,* for appellants.

*Michael R. Landers,* for appellee.

TOM GLAZE, Justice. On May 22, 1986, appellee brought suit against appellants seeking, among other things, to set aside certain deeds and to quiet title in the mineral estate described in the deeds. After appellants filed their answer, little, and then no, activity occurred in the lawsuit, so the trial court dismissed the case for want of prosecution on January 2, 1990, pursuant to the

court's standing order dated January 2, 1987. The trial court, however, ordered appellee's case reinstated on January 25, 1990. The appellants then moved to vacate the restatement order pursuant to ARCP 41(b), claiming the dismissal should have been with prejudice because the dismissal had been appellee's second. The trial court denied appellants' motion and appellants bring this appeal.

 We do not reach appellants' Rule 41(b) issue because the trial court's order denying appellants' motion to vacate the reinstatement of appellant's case is not a final judgment or order from which an appeal may be taken. Rule 2(a)(1) of the Arkansas Rules of Appellate Procedure. For a judgment to be final, it must dismiss the parties from the court, discharge them from the action, or conclude their rights to the subject matter in controversy. *Roberts Enterprises, Inc.* v. *Arkansas Highway Comm'n*, 277 Ark. 25, 638 S.W.2d 675 (1982); *see also* 4 C.J.S. *Appeal & Error* § 121(c) (1957) (which provides, generally, an appeal will not lie from an order setting aside an order of dismissal.) Here, the trial court's order makes no such disposition of the parties' case, and in fact, retained jurisdiction over the parties and issues in controversy for future adjudication.

Because the trial court's order is not a final one from which an appeal may be taken, we dismiss appellants' appeal.