VERA LEE WEAVER LIVING TRUST, Jerold Lee Weaver,
Trustee *v.* CITY OF EUREKA SPRINGS

CA 97–246.                                                    969 S.W.2d 681

Court of Appeals of Arkansas
Division IV
Opinion delivered April 29, 1998

[Substituted opinion delivered June 3, 1998]

*Kelley Law Firm*, by: *Glenn E. Kelley*, for appellant.

*Jay C. Miner*, for appellee.

JUDITH ROGERS, Judge. This is an appeal from an order denying appellant's motion for attorney's fees and costs that was made when appellee abandoned condemnation proceedings against appellant's property. Because we agree that the evidence demonstrates a lack of good faith on the part of the condemning authority, we reverse and remand.

On December 2, 1992, appellee, the City of Eureka Springs, filed a complaint, pursuant to Ark. Code Ann. § 18-15-201 (1987), to condemn property owned by appellant, the Vera Lee Weaver Living Trust, that is administrated by Jerold Lee Weaver, the grantor's son. The city obtained an order of immediate possession based on the representation that the work of renovating the structure should be commenced at once, and it placed on deposit the sum of $29,500 as just compensation. It is undisputed, however, that the city did not begin renovation of the property nor did it take actual possession during the pendency of the action. At the trial held on September 27, 1995, the jury returned a verdict of $80,000 as the fair market value of the property at the time of the taking, which exceeded the highest estimate of value adduced at trial by $10,000. On October 20, 1995, appellant filed a motion for the court to release the funds that had been placed on deposit in the court's registry. Three days later, the city moved to exercise its right to abandon the condemnation action. Appellant responded with a request for attorney's fees and costs, alleging that the city had acted in bad faith. A hearing was held on the issue of fees and costs in November of 1996, after which the trial court denied appellant's prayer for relief. This appeal followed.

It has long been held that a condemnor has an absolute right to discontinue a condemnation action until actual payment of the compensation. *Selle v. City of Fayetteville*, 207 Ark. 966, 184 S.W.2d 58 (1944). However, under Arkansas law, a landowner is permitted to recover a reasonable attorney's fee, as well as other expenses, when a condemning agency fails to act in good faith in instituting and, later, abandoning condemnation proceedings. *Des*

*Arc Watershed Improvement District v. Finch*, 271 Ark. 603, 609 S.W.2d 70 (1980); *Housing Authority of the City of North Little Rock v. Amsler, Judge*, 239 Ark. 592, 393 S.W.2d 268 (1965). This is considered an exception to the general rule that attorney's fees are not recoverable unless specifically authorized by statute. *Des Arc Watershed Improvement District v. Finch*, 275 Ark. 229, 630 S.W.2d 17 (1982). As was said by the court in *Amsler, supra*, a trial court has an inherent right to require such reimbursement to the landowner when a condemning agent chooses to renege merely because the jury verdict is not to its liking, in order to protect its own processes, property owners, and the constitutional provision of just compensation.

From the testimony of city council members, it was disclosed that the city had no pressing need for the property and that it had no set plans for what it intended to do with the property when the action for eminent domain was filed. It was said that there was an agreement to wait until the condemnation proceedings were over to decide how the property might be used. James Walden, the City Administrator Assistant, testified that the amount placed on deposit with the court was based on an appraisal the city had obtained. He also said that the parties had engaged in negotiations prior to trial and that the city had rejected an offer made by the landowner of $60,000. He acknowledged that this offer was accompanied by an appraisal of a reputable and knowledgeable real estate broker in the area, and he agreed that the offer was made in good faith and that the amount offered was actually $9,000 less than the broker's appraisal because the landowner was willing to accept a reduced price in order to settle the dispute. It was Walden's testimony that the city would have kept the property if it "had gotten it cheap," and the jury would have returned a verdict of $29,900 or less. He said that the city was unwilling to pay the price set by the jury.

In *Des Arc Watershed Improvement District v. Finch*, 275 Ark. 229, 630 S.W.2d 17 (1982), the supreme court held that bad faith was shown when the condemnor claimed that it had abandoned the action because it had no funds to pay the jury's award, yet it later instituted another condemnation proceeding in the wake of the first. We can infer from that decision that mere dissatisfaction with the jury's verdict can be cause for a finding of bad faith.

In this case, the city makes no claim that it does not have the ability to pay the jury's award. Instead, it abandoned the condemnation action because it did not want to pay any more than a bottom-dollar price for the property. If a specious claim of inability to pay an award is said to be an affirmative indication of bad faith, then we believe that a lack of good faith is shown here.

From the objective facts in the record, the evidence shows that the city had a notion to take the property without any defined purpose for its use. The record also reveals that the city had no intention of completing the action unless the property could be obtained "cheap," despite having good reason to believe that it was worth substantially more than its own low-end estimate. Even so, the city continued its pursuit of the property, keeping it in limbo for several years, thereby preventing the landowner from having full use and enjoyment of the property. We can hardly conceive of any greater demonstration of bad faith as is evidenced here, and we are at a loss to understand the trial court's ruling in light of its recognition that the city's actions represented an "arbitrary use of the — almost capricious use of the condemning authority."

Although the trial court noted that the jury's verdict did exceed the highest estimate offered at trial, we are not convinced that this fact alone compels a different conclusion. The city did not urge this as a reason for discontinuing the action, and it could have, but did not seek a remittitur for reduction of the award to an amount sustained by the evidence. *See Johnson v. Gilliland*, 320 Ark. 1, 896 S.W.2d 856 (1995). On this record, it is quite clear that the city's motivation for abandoning the action was its unwillingness to pay no more than a paltry sum for the property and that any excessiveness of the jury's verdict had little bearing on that decision. We, therefore, reverse and remand for the trial court to determine an amount of reasonable fees and costs and to enter judgment accordingly.

Reversed and remanded.

PITTMAN and NEAL, JJ., agree.