2010 Ark. 196

**Dustin ELLIS and Dawn Ellis, Appellants,**

v.

**ARKANSAS STATE HIGHWAY COMMISSION; Dan Flowers, Individually and in his Official Capacity as Director of the Arkansas State Highway & Transportation Department; Jim Gaither, Individually and in his Official Capacity as Division Head, Appellees.**

No. 09–1002.

Supreme Court of Arkansas.

April 29, 2010.

Lawrence W. Jackson, Marion, for appellants.

Robert L. Wilson, Chief Legal Counsel for Ark. State Highway & Transp. Dep't, by: J. Ted Blagg, Staff Att'y, Little Rock, for appellee.

DONALD L. CORBIN, Associate Justice.

Appellants Dawn and Dustin Ellis appeal the judgment of the Poinsett County Circuit Court, which was entered pursuant to a jury verdict, awarding them damages of $4480 for the taking of their leasehold interest in real property. They also appeal the separate order denying their motion for attorney's fees. For reversal, Appellants contend the trial court erred in instructing the jury on an improper measure of damages and in denying their mo-

tion for attorney's fees. Jurisdiction of this appeal is properly in this court pursuant to Ark. Sup.Ct. R. 1–2(b)(5) (2009), as a case presenting significant issues needing clarification or development of the law, or overruling of precedent. However, we are without subject-matter jurisdiction to reach the first argument due to an untimely notice of appeal from the judgment, and therefore dismiss the portion of the appeal pertaining to the jury instruction on the measure of damages. The notice of appeal was timely as to the order denying attorney's fees, and we affirm that portion of the appeal.

Appellants leased a liquor store from Don Pearson, which was located on U.S. Highway 63 between Tyronza and Marked Tree, Arkansas. The lease was dated August 10, 2000, and was for a term of one year at $1000 per-month rent, with Appellants having the option to renew the lease one year at a time for twenty-five years. Appellee,[1] the Arkansas State Highway Commission, filed plans for a job commonly known as the Highway 118 Interchange, in which it proposed to meet the travel needs of the public by constructing and maintaining the highway as a controlled-access facility.[2] According to Appellee, it needed the right of access to the land upon which Appellants' liquor store was located on Highway 63 for construction and maintenance of the controlled-access interstate facility. According to Appellants, once construction was complete, their liquor store would be landlocked.

1. Appellants also named as defendants below Dan Flowers, individually and in his official capacity as Director of the Arkansas State Highway & Transportation Department, and Jim Gaither, individually and in his official capacity as Division Head. Appellants, however, have not pursued in this appeal any claims they raised against these parties. For simplicity, throughout this opinion we refer only to the Arkansas State Highway Commission as Appellee.

2. "A controlled-access facility may be broadly described as a superhighway which motorists can enter and leave only at designated interchanges, usually some miles apart." *Ark. State Highway Comm'n v. Union Planters Nat'l Bank*, 231 Ark. 907, 908–09, 333 S.W.2d 904, 906 (1960); *see also* Ark.Code Ann. §§ 27–68–102 and 27–68–105(c).

In June 2004, Appellants filed a complaint for an injunction to prevent Appellee from commencing construction upon their leased premises or otherwise taking their leasehold or access rights until Appellee had deposited into the court registry an amount sufficient to ensure the payment of just compensation. Appellee moved to dismiss the complaint based on grounds of sovereign immunity, improper venue, and deficient service of process. After holding a hearing, the circuit court denied the motion to dismiss and stayed the proceedings to allow Appellee to seek a writ of prohibition in this court. This court denied without prejudice the petition for writ of prohibition or writ of certiorari and issued the mandate on November 18, 2004.

In December 2004, Appellee answered Appellants' complaint for injunction, and then also filed a complaint and a declaration of taking against Pearson, the owner of the realty, estimating just compensation for the taking of Pearson's approximate five acres to be $215,250. On February 1, 2005, Appellee amended its complaint and declaration of taking to name Appellants as defendants, but did not provide an estimate of just compensation for the taking of their unrecorded leasehold interest.

On February 7, 2005, Appellants moved to consolidate the injunction suit with the condemnation action. The circuit court granted the consolidation, and the issue of just compensation for the taking of both Pearson's and Appellants' interests in the subject property was tried to a jury in May 2008.[3] At trial, Appellants presented testimony from an appraiser who stated that the market value of their lease before the taking was $100,000, and after the taking was zero. Ms. Ellis testified that she valued her leasehold at $250,000 to $300,000. Appellee's appraiser testified that he had conducted a study of comparable market-rental data and determined

that Appellants were paying market rent. Appellee's appraiser stated that he therefore concluded that Appellants did not have a leasehold bonus that would be a compensable leasehold interest. Both parties proffered jury instructions on what each contended was the proper measure of damages for the taking of Appellants' leasehold. The trial court gave Appellee's instruction over Appellants' objection, and the jury awarded Appellants $4480 in just compensation.

Judgment was entered pursuant to the jury's verdict on June 6, 2008. Three days later, Appellants filed a motion for attorney's fees. On November 4, 2008, the circuit court held a hearing on the motion for attorney's fees and ruled *ore tenus* that, although Appellee and the court agreed the proposed fee was reasonable, there was no basis upon which to award the fee, and thus denied the motion for attorney's fees. On May 20, 2009, the circuit court entered a written order incorporating its *ore tenus* findings of fact and conclusions of law. On June 10, 2009, Appellants filed a notice of appeal from both the June 6, 2008 judgment and the May 20, 2009 order denying Appellants' motion for attorney's fees.

We begin by addressing whether we have jurisdiction of this appeal. While neither party raises the issue, the timely filing of a notice of appeal is a jurisdictional issue this court is obligated to raise sua sponte. *See, e.g., Tissing v. Ark. Dep't of Human Servs.*, 2009 Ark. 166, 303 S.W.3d 446; *see also Seay v. C.A.R. Transp. Brokerage Co.*, 366 Ark. 527, 237 S.W.3d 48 (2006). We must therefore determine whether Appellants have filed a timely notice of appeal.

Under Rule 4(a) of the Arkansas Rules of Appellate Procedure–Civil, a no-

---

3. Pearson is not a party to this appeal.

tice of appeal must generally be filed within thirty days from the entry of the final judgment, order, or decree. However, Rule 4(b)(1) provides that, if a party files a motion for judgment notwithstanding the verdict under Rule 50(b) of the Arkansas Rules of Civil Procedure, a motion to amend or make additional findings of fact under Rule 52(b), a motion for new trial under Rule 59(a), or any other motion to vacate, alter, or amend the judgment within ten days after the entry of the judgment, the time for filing the notice of appeal is extended to thirty days after the entry of the order disposing of the last motion outstanding. If the circuit court does not grant the motion within thirty days, it is deemed denied on the thirtieth day, and the notice of appeal is due within thirty days of that date. This court has previously held that a motion for attorney's fees is not a motion under Rules 50(b), 52(b), or 59(a) of the Arkansas Rules of Civil Procedure, nor is it a motion to vacate or otherwise alter or amend the judgment as contemplated in Rule 4(b). *Stacks v. Marks*, 354 Ark. 594, 127 S.W.3d 483 (2003). Thus, a pending motion for attorney's fees does not extend the time for filing a notice of appeal from a final judgment. *Id.* Moreover, a motion for attorney's fees is collateral to a trial court's judgment on substantive issues, and therefore an order that rules on a motion for attorney's fees does not bring up for appeal any prior judgment on the substantive issues. *Id.*

In the present case, we are concerned with a June 6, 2008 judgment entered pursuant to a jury verdict and a separate order denying attorney's fees entered on May 20, 2009, but only one notice of appeal filed on June 10, 2009. Appellants stated in their notice of appeal that they were appealing "from the court's judgment entered June 6, 2008, the court's order denying their motion for attorney's fees entered on May 20, 2009, and all adverse rulings during the trial of this matter, including the instructions to the jury regarding the measure of damages for the damages to their leasehold." The judgment entered on June 6, 2008, pursuant to the jury's verdict for Appellants in the amount of $4480, was a final order, and according to Rule 4(a), Appellants were required to file a notice of appeal within thirty days, unless they filed one of the motions enumerated in Rule 4(b) that would extend that deadline. The record before us does not reflect that Appellants filed a notice of appeal within thirty days of the June 6, 2008 judgment or that they filed any of the motions enumerated in Rule 4(b). Although there is no question that Appellants timely filed a motion for attorney's fees on June 9, 2008, that motion is considered a collateral matter and is not one of the postjudgment motions that extends the time for filing a notice of appeal pursuant to Rule 4. *Stacks*, 354 Ark. 594, 127 S.W.3d 483. Thus, to be timely, Appellants' notice of appeal was required to be filed within thirty days of entry of the judgment on June 6, 2008. It was not filed until just over a year later on June 10, 2009.

Thus, we conclude that the notice of appeal filed on June 10, 2009, was untimely as to the judgment entered slightly over a year earlier on June 6, 2008. Because we cannot acquire jurisdiction without a timely filed notice of appeal, we are without jurisdiction to hear the portion of this appeal that pertains to the judgment entered pursuant to the jury's verdict. *Stacks*, 354 Ark. 594, 127 S.W.3d 483. Accordingly, we are without jurisdiction to hear Appellants' first argument concerning the alleged erroneous jury instruction on the measure of damages to be used in this case.

The portion of this appeal that is from the order denying Appellants' motion

for attorney's fees, however, is an entirely distinct and collateral matter. Matters that are collateral to the trial court's judgment are left within the trial court's jurisdiction even though an appeal has been docketed. *Harold Ives Trucking, Co. v. Pro Transp., Inc.*, 341 Ark. 735, 19 S.W.3d 600 (2000). An award of attorney's fees is a collateral matter. *See id.* Thus, while the June 6, 2008 judgment was a final, appealable order, the circuit court retained jurisdiction to consider the collateral matter of Appellant's motion for attorney's fees. Appellants' June 10, 2009 notice of appeal was timely to raise the points argued under the May 20, 2009 order denying the motion for attorney's fees. Accordingly, we do have jurisdiction to hear the portion of this appeal pertaining to the attorney's fees.

At the hearing on the motion for attorney's fees, Appellee conceded that Appellants' counsel had earned his fee. And the circuit court agreed, stating that Appellants' counsel was "well deserving of his fee in this case." The court went on to consider counsel's fee petition and affidavit and concluded that the $150 per-hour fee was very reasonable based on counsel's expertise in condemnation cases. However, the circuit court also noted counsel for Appellants' acknowledgment that attorney's fees are generally not recoverable in condemnation cases according to *Arkansas State Highway Commission v. Johnson*, 300 Ark. 454, 780 S.W.2d 326 (1989). Thus, the circuit court considered whether the bad-faith exception to that general rule would apply in this case and concluded that Appellee had not acted in bad faith.[4] Nevertheless the circuit court encouraged Appellants to "take this up" because the court thought "this might be a case right for extension of" *Wilson v. City of Fayette-*

*ville,* 310 Ark. 154, 835 S.W.2d 837, 310 Ark. 163–A, 838 S.W.2d 366 (1992) (supplemental opinion on grant of rehearing November 2, 1992).

Attorney's fees are not allowed except where expressly provided for by statute. *Harris v. City of Fort Smith,* 366 Ark. 277, 234 S.W.3d 875 (2006). A decision to grant or deny a motion for attorney's fees will not be set aside absent an abuse of discretion by the trial court. *Id.* While the decision to award attorney's fees and the amount awarded are reviewed under an abuse-of-discretion standard, we review factual findings by a circuit court under a clearly erroneous standard of review. *Id.*

On appeal, Appellants challenge the denial of fees on two grounds. First, Appellants contend the circuit court erred in finding that Appellee did not act in bad faith. Second, Appellants ask this court to rule that attorney's fees, like compound interest, are a component of just compensation.

Appellants contend that Appellee made a deliberate decision to take their access rights and impair their leasehold without paying just compensation, and therefore ask us to reverse the trial court's finding that Appellee did not act in bad faith. Appellants argue that Appellee's bad faith is demonstrated by its initial failure to include them and their leasehold interest in the condemnation action followed by its failure to appraise the value of just compensation for their leasehold interest. Appellants point out that it was only after Appellants obtained an injunction against Appellee and Appellee was denied a writ of prohibition in this court that Appellee included Appellants in the condemnation ac-

---

4. There was also a ruling below that Mr. Flowers and Mr. Gaither had not acted outside the scope of their employment, and thus attorney's fees would not be recoverable under 42 U.S.C. § 1983. Appellants do not challenge this ruling on appeal.

tion. Appellee responds that it investigated whether Appellants' lease had bonus value, determined that it did not, and thus acted under a belief that Appellants were paying a high average rental rate under their lease. Appellee responds further that it therefore formed a legitimate belief that Appellants did not have a compensable interest, and that is the explanation for its conduct.

 Under Arkansas law, a landowner is permitted to recover a reasonable attorney's fee, as well as other expenses, when a condemning authority fails to act in good faith in instituting and later abandoning condemnation proceedings. *Des Arc Watershed Imp. Dist. v. Finch*, 275 Ark. 229, 630 S.W.2d 17 (1982); *Housing Auth. of the City of North Little Rock v. Amsler*, 239 Ark. 592, 393 S.W.2d 268 (1965); *see also Vera Lee Weaver Living Trust v. City of Eureka Springs*, 62 Ark. App. 15, 969 S.W.2d 681 (1998). This is considered an exception to the general rule that attorney's fees are not recoverable unless specifically authorized by statute. *Finch*, 275 Ark. 229, 630 S.W.2d 17. Furthermore, a trial court has an inherent right to require such reimbursement to the landowner when a condemning authority chooses to renege merely because the jury verdict is not to its liking, in order to protect the court's own processes, the property owners, and the constitutional provision of just compensation. *Amsler*, 239 Ark. 592, 393 S.W.2d 268.

 The present case is not one in which Appellee, as the condemning authority, has exercised its right to abandon condemnation proceedings; therefore, we cannot say the trial court erred in concluding Appellee had not acted in bad faith. In addition, we consider the trial court's ruling on this issue in the present case to be one similar to a credibility call, and we therefore defer to the court's superior position to judge the credibility of the witnesses at the hearing. Accordingly, we cannot say the trial court abused its discretion in denying the attorney's fees in this regard.

 Appellants also ask this court to extend its ruling in *Wilson*, 310 Ark. 163-A, 838 S.W.2d 366, to hold that attorney's fees, like compound interest, are an element of just compensation. Appellants track the reasoning of *Wilson* and contend that, just as compounding interest is necessary to put the owner in as good a position pecuniarily as he would have been if his property had not been taken, requiring the condemning authority to pay the costs and attorney's fees of a prevailing landowner is likewise necessary to make the landowner whole.

At the outset, we note that Appellants have acknowledged that this court has squarely rejected the argument that attorney's fees are a component of just compensation in *Johnson*, 300 Ark. 454, 780 S.W.2d 326. This court stated as follows:

> The landowners argue they are entitled to recover their attorneys' fees as a part of their compensation. They recognize that we deny such a recovery when it is sought as part of the costs of litigation in eminent domain cases, *Selle v. City of Fayetteville*, 207 Ark. 966, 184 S.W.2d 58 (1944), while we permit it where there is evidence of "bad faith" on the part of the condemning authority. *Des Arc Watershed Imp. Dist. v. Finch*, 275 Ark. 229, 630 S.W.2d 17 (1982); *Housing Authority v. Amsler*, 239 Ark. 592, 393 S.W.2d 268 (1965). They argue, however, that we permitted a rate of interest in excess of the statutory rate in *Arkansas State Highway Commission v. Vick*, 284 Ark. 372, 682 S.W.2d 731 (1985), on the theory that otherwise the

landowner would not have been "made whole."

*Id.* at 463–64, 780 S.W.2d at 331.

This court went on to state in *Johnson* that although it had some sympathy for the argument that a "landowner who is the defendant in condemnation proceedings and who did nothing to bring them on himself or herself but contests only the value of the property in question should not be required to pay for the proceedings," this court declined to so hold in the absence of an authorizing statute. *Id.* While Appellants acknowledge the rule announced in *Johnson,* they ask us to reconsider the *Johnson* holding in light of our subsequent holding in *Wilson* that compound interest is a component of just compensation. We decline this invitation.

In *Johnson,* we squarely rejected the argument that article 2, section 22 of the Arkansas Constitution requires that attorney's fees be considered a component of just compensation in order for the landowners to be "made whole." We have not been presented with any convincing argument or citation to authority to warrant reconsideration of this issue. Although Appellants do cite us to *Wilson,* which involved the question of compound interest as a component of just compensation, they do not present us with any convincing argument that attorney's fees should be treated the same as interest in this respect. Our reasoning in ⌊₁₂*Wilson* for allowing compound interest was based in part on the premise that " '[j]ust compensation' in the Constitutional sense has been held to include interest for the delay in payment from the date of the taking to the date of payment." *Wilson,* 310 Ark. at 163–C, 838 S.W.2d at 367 (quoting *Miller v. United States,* 620 F.2d 812, 837 (Ct.Cl. 1980) (citing *Albrecht v. United States,* 329 U.S. 599, 67 S.Ct. 606, 91 L.Ed. 532

(1947))). The delay in *Wilson* from the date of the taking to the date of payment was approximately eleven years; that lengthy delay in which the landowner was deprived of the use of both his land and payment of just compensation presented the issue of whether compound, rather than simple, interest should be allowed as a component of just compensation.

We see nothing in our reasoning in *Wilson* concerning compound interest that could or should be applied to the present case, which involves attorney's fees. When it comes to attorney's fees, we observe that the United States Supreme Court has, as this court has, historically treated them differently than interest when determining the components of just compensation. *See, e.g., Dohany v. Rogers,* 281 U.S. 362, 50 S.Ct. 299, 74 L.Ed. 904 (1930) (stating that attorney's fees and expenses are not embraced within the Fifth Amendment's right to just compensation for land taken by eminent domain). Thus, Appellants have not presented us with any convincing argument that warrants our reconsideration of the holding in *Johnson* that attorney's fees are not a component of just compensation.

The circuit court correctly followed *Johnson* and denied the motion for attorney's fees in this case. We cannot say that was an abuse of discretion.

⌊₁₃In summary, Appellants' notice of appeal was untimely as to the judgment, and we therefore dismiss the portion of this appeal pertaining to the alleged erroneous jury instruction. The notice of appeal was timely as to the order denying attorney's fees, and we therefore have jurisdiction to review the portion of the appeal pertaining to attorney's fees. A circuit court has discretion in awarding attorney's fees, and we find no abuse of that discretion in the

instant case. Thus, the order denying attorney's fees is affirmed.

Dismissed in part; affirmed in part.