Courtney HUDSON GOODSON, Justice, dissenting. |lftA review of the record in this case discloses the absence of a judgment reflecting the amount of the unpaid assessments owed by First State Bank as the purchaser of the condominium unit. As such, there is no final order upon which to appeal the circuit court’s ruling that any purchaser of the condominium unit at the foreclosure sale would be liable for the unpaid assessments. Therefore, I must respectfully dissent, as the nonexistence of a final order deprives this court of jurisdiction to decide the question of law presented on appeal. The amended foreclosure decree entered on January 16, 2013, sets out the circuit court’s previous ruling that any prospective purchaser of the condominium unit at the foreclosure sale would be liable for the payment of the delinquent assessments. Specifically, the amended decree provides in relevant part that the “purchaser of said property shall be liable for the assessments of $233.33 per month for the time period of November 2011 to the date of foreclosure.” It also states, by parenthetical, that “[i]n order to have the precise amount of assessments remaining unpaid as of the date of the foreclosure sale, five (5) days prior to the foreclosure sale, Metro POA shall certify in writing to the Commissioner, with a copy to the Plaintiff, the amount of unpaid assessments incurred from the date of the Judgement to the date of the foreclosure sale.” On March 22, 2013, the circuit court entered an order awarding attorney’s fees to Metro POA. This order includes the statement that “[a]t trial, the amount of assessments owed to Metro was determined to be $3,266.62.” Subsequently, on March 25, 2012, Metro POA filed a “Certification,” pursuant to the circuit court’s directive contained in the |1¶ amended decree. The Certification stated that the amount of the unpaid assessments was $3,966.61. Then on April 4, 2013, the circuit court entered an amended fee order, which again includes the statement that the amount of the unpaid assessments to-talled $3,266.62. The amended order of foreclosure contains a clear ruling that any prospective purchaser would be required to pay the delinquent assessments. What is not clear from this record is the actual amount of the unpaid assessments that the purchaser is obligated to pay. The record is unclear because, as of yet, the circuit court has not reduced the amount owed to judgment. With exceptions not applicable here, an appeal may be taken only from a final judgment or decree entered by the trial court. Ark. R.App. P.-Civ. 2(a)(1) (2013). For a judgment to be final and appealable, it must dismiss the parties from the court, discharge them from the action, or conclude their rights to the subject matter in controversy. Kelly v. Kelly, 310 Ark. 244, 835 S.W.2d 869 (1992); Jackson v. Yowell, 307 Ark. 222, 818 S.W.2d 950 (1991). An order is not final and appealable merely because it settles the issue as a matter of law. See Festinger v. Kantor, 264 Ark. 275, 571 S.W.2d 82 (1978). Even though the issue decided might be an important one, an appeal will be premature if the decision does not, from a practical standpoint, conclude the merits of the case. Robinson v. Villines, 2012 Ark. 211, 2012 WL 1739140. To be final, an order must not only decide the rights of the parties, but also put the court’s directive into execution, ending the litigation or a separable part of it. Kilgore v. Viner, 293 Ark. 187, 736 S.W.2d 1 (1987). h ?In Ford Motor Co. v. Washington, 2013 Ark. 88, 2013 WL 776233, we had occasion to discuss what is necessary for an order to be considered final when a party is obligated to pay a sum of money. We observed, In Thomas v. McElroy, 243 Ark. 465, 420 S.W.2d 530 (1967), we explained the formal requirements of what constitutes a final judgment. To be final, a judgment for money must state the amount that the defendant is required to pay. Id. In citing Arkansas statutory law, we said that the amount of the judgment must be computed, as near as may be, in dollars and cents and that the judgment must specify clearly the relief granted or other determination of the action. Id.; see also Ark.Code Ann. § 16-65-103 (Repl.2005) (declaring that all judgments or decrees shall be computed, as near as may be, in dollars and cents). In Thomas, we noted that a final judgment or decision is one that finally adjudicates the rights of the parties, and it must be such a final determination as may be enforced by execution or in some other appropriate manner. See also Villines v. Harris, 362 Ark. 393, 208 S.W.3d 763 (2005) (holding that, although a previous order set out a formula for calculating damages, the order was not final because it did not establish the amount of damages); Office of Child Support Enforcement v. Oliver, 824 Ark. 447, 921 S.W.2d 602 (1996) (holding that an order was not final where an arrearage in child support was found but the amount of the arrearage was not determined); Hastings v. Planters & Stockmen Bank, 296 Ark. 409, 757 S.W.2d 546 (1989) [ (1988) ] (holding that an order of summary judgment was not final where the amount owed was not specified in dollars and cents, there were issues that appeared to be outstanding, and the judgment did not dismiss or discharge the appellant). Ford, 2013 Ark. at 3. Based on these principles, this court in Ford held that a judgment which merely reproduced the jury’s verdict without assigning how much was owed in dollars and cents was not a final, appealable order. Consequently, we dismissed the appeal. By the same token, the amended decree in this case sets out a formula by which the amount of the unpaid assessments was to be calculated. However, the circuit court has not entered a judgment setting forth the specific dollar amount to be paid by the purchaser at the foreclosure sale. Metro POA’s Certification is demonstrably not a judgment. There is also |1Ban element of confusion as to the amount owed given the different figures stated in the Certification and the orders granting attorney’s fees. Even if neither party raises the issue of jurisdiction on appeal, the appellate court is obligated to raise the issue sua sponte. Ellis v. Ark. State Highway Comm’n, 2010 Ark. 196, 363 S.W.3d 321. From my review of this record, I can only conclude that a final order is lacking in this case, and I would dismiss the appeal. As I joined the majority in Ford, I must dissent in this case. Fairness dictates that this court’s application of the rules concerning finality should be applied equally to all litigants and not conveniently ignored.