Cite as 2021 Ark. App. 401

# ARKANSAS COURT OF APPEALS
DIVISION I
**No.** CV-20-591

| | |
|---|---|
| TRACEY SCOTT AND LORRENZO HAMPTON, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED<br>APPELLANTS<br><br>V.<br><br>REVCLAIMS, LLC; ST. BERNARDS HOSPITAL, INC.; AND PROASSURANCE INDEMNITY COMPANY, INC.<br>APPELLEES | **Opinion Delivered** October 20, 2021<br><br>APPEAL FROM THE CRAIGHEAD COUNTY CIRCUIT COURT, WESTERN DISTRICT<br>[NO. 16JCV-19-912]<br><br>HONORABLE MELISSA BRISTOW RICHARDSON, JUDGE<br><br>DISMISSED WITHOUT PREJUDICE |

**PHILLIP T. WHITEAKER, Judge**

Appellants Tracey Scott and Lorrenzo Hampton, individually and on behalf of all others similarly situated, appeal a Craighead County Circuit Court order granting summary judgment in favor of appellees RevClaims, LLC; and St. Bernards Hospital, Inc. We must dismiss the appeal, however, because the order before us is not a final, appealable order, thereby depriving this court of jurisdiction.

For purposes of this opinion, we provide an abbreviation of the dispute between the parties. St. Bernards is a hospital located in Jonesboro, Arkansas. As part of its billing practices, St. Bernards negotiates reduced rates with various health insurance companies, resulting in patients without health insurance paying a higher standard rate. Patients treated at the hospital typically agree to assign their rights to benefits under their health insurance

to the hospital, which can then bill the health insurance company directly. If a patient is either self-pay or has a third-party-liability claim, St. Bernards attempts to collect directly from the patient. St. Bernards contracts with RevClaims in its collection efforts.

In April 2015, Scott and Hampton were injured in an automobile accident in which a third party was allegedly at fault. Scott and Hampton received treatment for their injuries at St. Bernards Hospital. Upon admission, both Scott and Hampton had health insurance coverage through Blue Cross-Blue Shield (BCBS),[1] and they assigned their right to the collection of such benefits to St. Bernards.

Instead of billing BCBS under the reduced rate and subject to Scott's and Hampton's deductible and co-pays, St. Bernards turned their claims over to RevClaims for collection as a third-party-liability claim at the higher standard rate. When Scott and Hampton settled their claims with the at-fault driver, St. Bernards and RevClaims filed a lien on the settlement for the full standard rate of $1,133.90 for Scott and $401.75 for Hampton, instead of the reduced rate negotiated with BCBS. Hampton and Scott subsequently paid the bills.

In August 2019, Scott and Hamilton filed suit against St. Bernards and RevClaims, alleging breach of contract, violations of the Arkansas Deceptive Trade Practices Act (ADTPA), unjust enrichment, and breach of a fiduciary duty.[2] In December 2019, Scott and Hamilton amended their complaint to allege breach of contract as a third-party beneficiary.

---

[1] Their coverage was purchased through the Arkansas private option marketplace exchange.

[2] They initially filed suit in federal district court, but the court subsequently dismissed the case without prejudice for lack of subject-matter jurisdiction.

St. Bernards filed its first motion for summary judgment asserting it was entitled to a judgment as a matter of law. It claimed that Scott's and Hampton's damages were proximately caused by their failure to file their own insurance claims and not by the actions of St. Bernards.

St. Bernards subsequently filed its second motion for summary judgment contending, in part, that plaintiff's claims were negated by the "voluntary payment rule" and that the amended complaint failed to state a valid claim under the ADTPA.[3] The parties entered into an agreed order to extend the response time for Scott and Hampton to respond to the second motion for summary judgment to twenty-one days following the court's ruling on the first motion for summary judgment.

The court conducted a hearing on the first motion for summary judgment. At the beginning of the hearing, the parties reiterated that the only motion before the court that day was the proximate-cause issue raised in the first motion for summary judgment. The court acknowledged that the hearing was set to consider "the motion that was filed January 23rd."[4] Despite this acknowledgement, the court issued a letter opinion stating that both the first and second motions for summary judgment were argued to the court, that the court was not going to rule on the first motion for summary judgment, but that the court was going to grant summary judgment pursuant to the second motion.

---

[3]RevClaims filed a motion to adopt the first and second motions for summary judgment filed by St. Bernards.

[4]January 23, 2020, was the date St. Bernards filed its first motion for summary judgment.

On June 17, 2020, the court entered a formal order incorporating its letter opinion and dismissing Scott's and Hampton's claims with prejudice. Scott and Hampton appeal from this order of dismissal arguing that the circuit court erred in ruling on the second motion for summary judgment. We cannot reach the merits of their argument at this time, however, because we lack a final, appealable order.

Whether an order is final and subject to appeal is a jurisdictional question that this court will raise sua sponte. *Jones v. Huckabee*, 363 Ark. 239, 213 S.W.3d 11 (2005). With exceptions not applicable here, an appeal may be taken only from a final judgment or decree entered by the circuit court. Ark. R. App. P.–Civ. 2(a)(1) (2020). For a judgment to be final and appealable, it must dismiss the parties from the court, discharge them from the action, or conclude their rights to the subject matter in controversy. *Kelly v. Kelly*, 310 Ark. 244, 835 S.W.2d 869 (1992); *Jackson v. Yowell*, 307 Ark. 222, 818 S.W.2d 950 (1991).

Here, the issue of finality arises from the filing of a second amended complaint. On March 4, 2020, prior to the granting of summary judgment, Scott and Hampton filed a second amended complaint that added ProAssurance Indemnity Company, Inc., as a party to the action. On March 31, again prior to the granting of summary judgment, ProAssurance answered the complaint solidifying its status as a party to the action. On June 8, the court issued its letter opinion without reference to the status of ProAssurance. On June 17, the court entered its order granting summary judgment. The order's caption listed only RevClaims and St. Bernards Hospital. The order took no action with respect to ProAssurance.

4

Because there is no order in the record before us dismissing ProAssurance from the action, we lack a final order and must dismiss without prejudice so that the circuit court may enter an appropriate order.

Dismissed without prejudice.

GRUBER and VAUGHT, JJ., agree.

*Lacy Law Firm*, by: *Brandon W. Lacy*; and *Daniels Law Firm, PLLC*, by: *Shawn Daniels*, for appellants.

*Womack Phelps Puryear Mayfield & McNeil, P.A.*, by: *Jeffrey W. Puryear* and *Ryan M. Wilson*, for separate appellee RevClaims, LLC.

*Waddell, Cole & Jones, PLLC*, by: *Paul D. Waddell* and *Samuel T. Waddell*, for separate appellees St. Bernards Hospital, Inc.; and ProAssurance Indemnity Company, Inc.