Elva WOOD *v.* George TYLER

94-159                                        877 S.W.2d 582

Supreme Court of Arkansas
Opinion delivered June 13, 1994

*Matthews, Sanders, Liles & Sayes*, by: *Marci Talbot Liles* and *Roy Gene Sanders*, for appellant.

*Ted Thomas*, for appellee.

ROBERT L. BROWN, Justice. This case originated as a tort action. Appellee George Tyler sued appellant Elva Wood for injuries and resulting damages suffered in an automobile accident in Pine Bluff on November 7, 1991. The jury awarded Tyler $10,000, and Tyler moved to tax "costs" against Wood. His attorney attached an affidavit to the motion, listing the following as litigation expenses:

1.  Pre-trial prep., Harry Ehrenberg      $   255.00

2.  Court appearance, Harry Ehrenberg          765.00

3.  Deposition fee, Dr. Armstrong              250.00

4.  Video Deposition, Foreman Reporting        396.45

| 5. | Narrative report, Dr. Armstrong | 106.00 |
|----|--------------------------------|--------|
| 6. | Medical records, Dr. Courtney | 45.00 |
| 7. | Medical records, Dr. Armstrong | 38.75 |
| 8. | Filing fee | 84.75 |
| 9. | Service fee for 3 subpoenas | 75.00 |
|    | Total | $ 2,015.95 |

Wood objected to the assessment of any litigation expenses except required costs such as the filing fee and service fees for the subpoenas.

The trial court granted Tyler's motion in part and taxed all requested costs to Wood with the exception of the expense of the expert's narrative report and the medical records. The total costs assessed against Wood were $1,826.20. As authority for its order, the trial court cited *Truck Center of Tulsa, Inc.* v. *Autrey*, 310 Ark. 260, 836 S.W.2d 359 (1992).

Wood now raises one point on appeal. She urges that the trial court erred in assessing costs against her for expert witness fees and for reporter fees in connection with depositions. We agree that the trial court erred in this regard.

The operable rule concerning allowable court costs is Ark. R. Civ. P. 54(d):

> (d) Costs. Except when express provision therefor is made either in a statute of this state or in these rules, costs shall be allowed as of course to the prevailing party unless the court otherwise directs.

The Reporter's Notes to Rule 54 state in part: "Unless otherwise ordered by the trial judge, costs are taxed against the losing party as was the case under superseded Ark. Stat. Ann. 27-2308, 27-2310, and 27-2312 (Repl. 1962)." Rule 54(d), therefore, controls the taxing of costs, and the commentary to Rule 54(d) refers to costs allowed under prior law.

Our case law before the adoption of Rule 54(d) in 1978 was clear that costs would not be taxed against the losing party unless those costs were specifically authorized by rule or by statute.

*Lewallen* v. *Bethune*, 267 Ark. 976, 593 S.W.2d 64 (1980); *Long* v. *Henderson*, 249 Ark. 367, 459 S.W.2d 542 (1970); *Grayson* v. *Arrington*, 225 Ark. 922, 286 S.W.2d 501 (1956); *Arkansas Game & Fish Comm'n* v. *Kizer*, 222 Ark. 673, 262 S.W.2d 265 (1953). As we said in *Kizer*: "We have often held that the allowance of costs is purely statutory, since at common law neither party was entitled to recover his costs (citations omitted)." 222 Ark. at 677, 262 S.W.2d at 267.

Since 1978, we have specifically held that expert witness fees are not recoverable costs against the losing party because the allowance of costs is purely statutory, and Arkansas has no statute which provides for the recovery of expert fees. *Sutton* v. *Ryder Truck Rental, Inc.*, 305 Ark. 231, 807 S.W.2d 905 (1991), *citing Arkansas State Highway Comm'n* v. *Union Planters Nat'l Bank*, 231 Ark. 907, 333 S.W.2d 904 (1960).

In 1991, we considered whether other fees and litigation expenses were allowable costs. *See Truck Center of Tulsa, Inc.* v. *Autrey, supra*. There, we cited Rule 54(d) and referred to the principle that costs are allowed to the prevailing party unless the court otherwise directs. We then went on to award witness fees to the prevailing party because Ark. R. Civ. P. 45(d) specifically provided for those fees. Nothing was said in *Autrey* about allowing costs to be taxed which were not authorized by statute or by rule. Also in *Autrey*, we disallowed certain deposition expenses as taxable costs because they were not substantiated. Wood now suggests that we insinuated in that decision that a substantiated deposition expense would have been an allowable cost. We do not agree. The mere fact that we did not cite the absence of statutory authority as a second reason for denying the deposition expenses in *Autrey* does not translate into an argument in Wood's favor.

■ Rule 54(d) does permit the court to "otherwise direct" payment of costs, but this authority relates to the ability of the court to disallow costs authorized by rule or statute. It does not authorize the court to assess costs outside the ambit of costs expressly contemplated by rule or by statute. Accordingly, we repudiate today any suggestion that our case law or Rule 54(d) has deviated from the principle that taxable costs must be recognized by rule or by statute. On this point, contrary to Wood's

322

assertion, federal case law offers no guidance. The federal rule (Fed. R. Civ. P. 54(d)) differs from our own, and there are federal statutes which specifically authorize taxing certain costs. *See, e.g.,* 78 U.S.C. § 1920.

In Arkansas, filing fees and service fees for subpoenas are authorized by statute, and the trial court was exactly correct in assessing these costs against Wood. *See* Ark. Code Ann. § 21-6-403 (Supp. 1993); Ark. R. Civ. P. 45. Expert witness fees and deposition expenses are not authorized by statute or by rule, and the trial court erred in ruling otherwise.

Affirmed in part; reversed in part.