JOHN DAN KEMP, Chief Justice | Appellant, City of Benton (the “City”), appeals from an award of attorneys’ fees to appellee, Alcoa Road Storage, Inc. (“Alcoa”), in a judgment arising from a condemnation proceeding. For reversal, the City contends that the circuit court erred because there is no statutory authority for awarding attorneys’ fees against a municipality in a condemnation proceeding. Alcoa cross-appeals the denial of its request for payment of expert-witness fees. Specifically, Alcoa contends that the circuit court erred in finding that expert-witness fees incurred by a landowner to establish the calculation of its just compensation were not “costs occasioned by the assessment” pursuant to Arkansas Code Annotated section 18-15-307(c) (Repl. 2015). We reverse the award of attorneys’ fees and affirm the denial of expert-witness fees.[1] |aOn June 25, 2014, the City filed a complaint seeking to take real property belonging to Alcoa by eminent domain pursuant to Arkansas Code Annotated section 18-15-201 and Arkansas Code Annotated sections 18-15-301 et seq. The circuit court entered an ex parte order of possession and directed the City to deposit $197,100 into the registry of the court. Alcoa answered and requested a jury trial. The circuit court held a jury trial, and on June 24, 2015, the jury returned a verdict awarding Alcoa $317,550.[2] Thereafter, Alcoa filed a motion for assessment of expert-witness fees in the amount of $22,314.76 and attorneys’ fees in the amount of $9,285.39. The circuit court awarded attorneys’ fees but denied the motion for expert-witness fees. We begin with a brief overview of the law governing the eminent-domain power of municipalities. In 1875, the General Assembly enacted Act I, a comprehensive act concerning the incorporation, organization, and government of municipal corporations. The Act conferred upon municipal corporations the power of eminent domain for the construction of certain improvements and for other lawful purposes, and it provided for compensation to the owners of the property taken. See Act of Mar. 9, 1875, No. 1, §§ 74-75, 1874-75 Ark. Acts 1, 31-32, now codified as Ark. Code Ann. §§ 18-15-301 to -307. The valuation procedure for property sought to be condemned is called an “assessment.” The “inquiry into and assessment of compensation” is made by a jury. See Ark. Code Ann. § 18-15-304. “As soon as the amount of compensation that may be due to Rthe owners of the property taken ... shall have been ascertained by the jury, the court shall make such order as to its payment or deposit.” Id. § 18-15-307(a). The issues in this case require us to construe section 18-15-307(c), which states, “The costs occasioned by the assessment shall be paid by the corporation, and, as to the other costs which may arise, they shall be charged or taxed as the court may direct.” On appeal, we must determine whether the phrase “costs occasioned by the assessment” includes attorneys’ fees. On cross-appeal, we must determine whether the phrase includes expert-witness fees. The cardinal rule of statutory construction is to effectuate the legislative will. E.g., Roeder v. United States, 2014 Ark. 156, 432 S.W.3d 627. In considering the meaning of a statute, we construe it just as it reads, giving the words their ordinary and usually accepted meaning in common language. E.g., Woodrome v. Daniels, 2010 Ark. 244, 370 S.W.3d 190. When the language of the statute is plain and unambiguous, conveying a clear and definite meaning, we need not resort to the rules of statutory construction. E.g., Raymond James Fin. Servs., Inc., 373 Ark. 79, 281 S.W.3d 721 (2008). The City contends that “costs occasioned by the assessment,” as used in Arkansas Code Annotated section 18-15-307(c), does not encompass attorneys’ fees and expert-witness fees. We agree with the City that the circuit court erred in awarding attorneys’ fees to Alcoa because there is no statutory authority for awarding attorneys’ fees against a municipality in a condemnation proceeding. The American rule, which is observed in Arkansas, is’that attorneys’ fees are not chargeable as costs in litigation unless specifically permitted by statute. Love v. Smackover Sch. Dist., 329 Ark. 4, 946 S.W.2d 676 (1997) (citing Chrisco v. Sun Indus., Inc., 304 Ark. 227, 800 S.W.2d 717 (1990)). Arkansas has followed Uthis common-law rule since before the Civil War. Med. Liability Mut. Ins. Co. v. Alan Curtis Enters., 373 Ark. 525, 285 S.W.3d 233 (2008) (citing Temple v. Lawson, 19 Ark. 148 (1857)). Moreover, this court has squarely rejected the argument that attorneys’ fees are a component of just compensation. See Ellis v. Ark. State Highway Comm’n, 2010 Ark. 196, 363 S.W.3d 321; Ark. State Highway Comm’n v. Johnson, 300 Ark. 454, 780 S.W.2d.326 (1989). Here, the statute provides for “costs occasioned by the assessment.” The terms “costs” or “expenses” when used in a statute do not ordinarily include attorneys’ fees. Ark. Dep’t of Human Servs. v. Kistler, 320 Ark. 501, 898 S.W.2d 32 (1995); State v. McLeod, 318 Ark. 781, 888 S.W.2d 639 (1994). Because attorneys’ fees are not expressly provided for in section 18-15-307(c), we reverse the circuit court’s award of attorneys’ fees. On cross-appeal, Alcoa contends that the circuit court erred in finding that expert-witness fees incurred by a landowner to establish the calculation of its just compensation are not “costs occasioned by the assessment” pursuant to Arkansas Code Annotated section 18-15-307(c). We disagree. This court has long recognized that “[o]ur entire law of costs and fees is, in substance, statutory.” Thorn v. Clendenin, 12 Ark. 60, 62 (1851); see also Ark. State Game & Fish Comm’n v. Kizer, 222 Ark. 673, 262 S.W.2d 265 (1953) (noting that, at common law, neither party was entitled to recover costs). Notably, section 18—15— 307(c) has not been amended since its enactment in 1875. We conclude that, when the legislature provided for “costs occasioned by the assessment,” it was contemplating only those costs that could be taxed in an ordinary action, and not all expenses that a party may have incurred. Cf. Wood v. Tyler, 317 Ark. 319, 877 S.W.2d 582 (1994). In the absence of statutory authority, the fees of | ^expert witnesses cannot be treated as costs and charged against a losing party. Sutton v. Ryder Truck Rental, Inc., 305 Ark. 231, 807 S.W.2d 905 (1991); Ark. State Highway Comm’n v. Union Planters Nat’l Bank, 231 Ark. 907, 333 S.W.2d 904 (1960); see also Wood, 317 Ark. 319, 877 S.W.2d 582. Therefore, we affirm the circuit court’s denial of expert-witness fees to Alcoa. Reversed on direct appeal; affirmed on cross-appeal. Hart, J., dissents. . This court accepted certification of this case from the court of appeals pursuant to Arkansas Supreme Court Rule 1—2(d) (2016). . The amount of just compensation paid to Alcoa is not an issue on direct appeal or on cross-appeal.