

# ARKANSAS COURT OF APPEALS

DIVISION I
No. CV–16–598

| | |
|---|---|
| BILL G. BROWN, INDIVIDUALLY AND AS SPECIAL ADMINISTRATOR FOR THE ESTATE OF BARBARA A. ROWAN, DECEASED; JAMES L. BROWN; AND RANDY P. BROWN APPELLANTS | **Opinion Delivered** April 19, 2017 |
| V. | APPEAL FROM THE SALINE COUNTY CIRCUIT COURT [NO. 63CV-14-366] |
| | HONORABLE GARY ARNOLD, JUDGE |
| CITY OF BRYANT, ARKANSAS APPELLEE | AFFIRMED IN PART; REVERSED AND REMANDED IN PART |

## DAVID M. GLOVER, Judge

We are asked to determine whether the Saline County Circuit Court erred in denying the appellants' motion for attorney's fees and other costs under Arkansas Code Annotated section 18–15–307 (Repl. 2015). We affirm the trial court's denial of attorney's fees and all costs except the cost of the appraisal; we reverse and remand on the cost of the appraisal for entry of an order consistent with this opinion.

In June 2014, the City of Bryant ("Bryant") filed a complaint against James L. Brown, individually and as special administrator for the Estate of Barbara A. Rowan, deceased; Bill G. Brown; and Randy P. Brown (collectively "the Browns"), pursuant to Arkansas Code Annotated sections 18–15–201 and 18–15–301 et seq., to take real property owned by the Browns through eminent domain for the expansion of Alcoa Road. Bryant asserted in the complaint the real property in question was worth $29,211, and attempts to negotiate the

purchase of the property had not been successful. It requested immediate possession of the property and asked the trial court to set a hearing to determine the value of the property and the compensation to be paid to the Browns therefor. By court order, Bryant deposited $29,211 into the registry of the court and was given immediate possession of the real property. The Browns answered, denying Bryant's allegations, and by counterclaim sought damages, attorney's fees, costs, interest, and any other relief to which they might be entitled. A jury awarded the Browns the sum of $148,800 from Bryant as the just compensation for the taking of the property.[1] On February 16, 2016, the trial court entered a judgment reflecting the jury's determination less a credit for $29,211 (the amount Bryant had previously paid into the registry of the court) and vesting fee simple title to the litigated real property in Bryant.

On February 29, 2016, pursuant to Arkansas Code Annotated section 18-15-307(c), the Browns filed a motion seeking costs of $9,306.29 and attorney's fees of $22,750.00. On March 1, 2016, the Browns filed an amended affidavit of costs totaling $14,006.29. Specifically, in addition to attorney's fees, the Browns sought the following costs:

| | |
|---|---|
| Appraisal | $3,400.00 |
| Clerk | 165.00 |
| Copy charges | 611.15 |
| Court Reporter | 683.45 |
| Deposition fee (Lawrence Dupree) | 1,000.00 |
| Exhibit processing | 52.12 |
| Expert fee | 3,323.75 |
| Expert fee (Ferstl Valuation Services) | 4,700.00 |
| Fax transmissions | 19.25 |
| Postage | 51.57 |

---

[1]The amount of compensation is not an issue on appeal.

In an order filed on March 28, 2016, the trial court denied these requests, finding that Arkansas Code Annotated section 18–15–307(c) did not authorize an award for attorney's fees or litigation costs. On April 12, 2016, the Browns filed their notice of appeal, arguing the trial court erred in denying their motion for attorney's fees and costs.

## I.  *The Statute to be Construed*

Arkansas Code Annotated section 18–15–307(c) provides, "The costs occasioned by the assessment shall be paid by the corporation, and, as to the other costs which may arise, they shall be charged or taxed as the court may direct."

## II.  *Attorney's Fees and Expert-Witness Fees*

Earlier this year, in *City of Benton v. Alcoa Road Storage, Inc.*, 2017 Ark. 78, ___ S.W.3d ___, our supreme court held that attorney's fees are not recoverable under section 18–15–307(c) "because there is no statutory authority for awarding attorneys' fees against a municipality in a condemnation proceeding," and "attorney's fees are not chargeable as costs in litigation unless specifically permitted by statute." 2017 Ark. 78, at 2, ___S.W.3d at ___. Our supreme court also held, with respect to expert-witness fees, that "when the legislature provided for 'costs occasioned by the assessment,' it was contemplating only those costs that could be taxed in an ordinary action, and not all expenses that a party may have incurred," *Alcoa Road Storage*, 2017 Ark. 78, at 2, ___S.W.3d at ___ , concluding that expert-witness fees could not be treated as costs and charged against the losing party in the absence of statutory authority. *See also City of Benton v. Teeter*, 2017 Ark. 80. Therefore, our supreme court has

SLIP OPINION

clearly determined that attorney's fees and expert-witness fees are not recoverable under section 18-15-307(c); we are bound by this determination.

## III. *Other Costs*

### A. Standard of Review

The Browns also sought the other costs enumerated above. Issues of statutory construction are reviewed de novo, as it is for the appellate courts to decide what a statute means; we are not bound by the trial court's decision, but in the absence of a showing that the trial court erred, its interpretation will be accepted as correct on appeal. *DaimlerChrysler Corp. v. Smelser*, 375 Ark. 216, 289 S.W.3d 466 (2008).

### B. Deposition Fee and Court-Reporter Fee

In *Alcoa Road Storage,* our supreme court defined "assessment" as "the valuation procedure for property sought to be condemned," 2017 Ark. 78, at 1, ___S.W.3d at ___; it also cited *Wood v. Tyler*, 317 Ark. 319, 877 S.W.2d 582 (1994), for comparison, holding that the legislature only contemplated "costs that could be taxed in an ordinary action" when it provided for "costs occasioned by the assessment" in section 18-15-307(c). *Alcoa Road Storage*, 2017 Ark. 78, at 2, ___ S.W.3d at ___. In *Wood*, *supra*, our supreme court held that, while costs for filing fees and service fees for subpoenas were recoverable because they were authorized by statute, expert-witness fees and deposition expenses were not authorized by statute or rule and were therefore not allowable as costs. *Wood*, 317 Ark. at 322, 877 S.W.2d at 583. Therefore, pursuant to *Wood*, we hold that the deposition fee and the court-reporter fee (for the deposition) are not taxable as costs.



## C. Appraisal Fee

We reference again that part of section 18-15-307(c), to wit: "[T]he costs occasioned by the "assessment" shall be paid by the corporation." *The Oxford English Dictionary* defines "assessment," in pertinent part, as "[o]fficial valuation of property or income for the purposes of taxation; the value assigned to it." We are mindful that our supreme court held in *Alcoa Road Storage* that the legislature contemplated only costs that could be taxed in an ordinary action when it wrote this statutory provision. We are also mindful that our supreme court, in *Alcoa Road Storage*, specifically defined "assessment" as "the valuation procedure for property sought to be condemned," 2017 Ark. 78, at 1, ___ S.W.3d at ___. We hold the appraisal expenditure is a cost "occasioned by the assessment" that can be recovered by the Browns. The first rule in considering the meaning and effect of a statute is to construe it just as it reads, giving the words their ordinary and usually accepted meaning in common language. *Florida Oil Inv. Grp, LLC v. Goodwin & Goodwin, Inc.*, 2016 Ark. App. 380, 499 S.W.3d 674. The $3400 appraisal obtained here by the Browns is a cost specifically and necessarily incurred for assessment purposes prior to the jury trial in order to provide evidence of the assignment of valuation for the property sought to be condemned. We therefore reverse and remand on this issue for the trial court to enter an order consistent with this opinion.

## D. Other Costs

Rule 54(d) of the Arkansas Rules of Civil Procedure provides:

(1) Costs shall be allowed to the prevailing party if the court so directs, unless a statute or rule makes an award mandatory.

SLIP OPINION

(2) Costs taxable under this rule are limited to the following: filing fees and other fees charged by the clerk; fees for service of process and subpoenas; fees for the publication of warning orders and other notices; fees for interpreters appointed under Rule 43; witness fees and mileage allowances as provided in Rule 45; fees of a master appointed pursuant to Rule 53; fees of experts appointed by the court pursuant to Rule 706 of the Arkansas Rules of Evidence; fees of translators appointed by the court pursuant to Rule 1009 of the Arkansas Rules of Evidence; and expenses, excluding attorney's fees, specifically authorized by statute to be taxed as costs.

Subsection (d)(2) expressly provides that filing fees and other fees charged by the clerk are taxable as costs, but subsection (d)(1) makes an award of these costs discretionary with the trial court unless mandatory pursuant to a statute or a rule. Because such an award is within the discretion of the trial court, we cannot say the trial court erred in not awarding the cost of filing fees.

With regard to copy charges, exhibit processing, fax transmissions, and postage, section 18-15-307(c) provides, as to "other costs which may arise, they shall be charged or taxed as the court may direct." Here, the trial court did not direct these costs to be charged or taxed. In *DaimlerChrysler, supra,* which dealt with the Arkansas Lemon Law, our supreme court cited to Arkansas Code Annotated section 4-90-415(c) (Repl. 2011), which provides that a consumer can recover "the aggregate amount of costs and expenses . . . reasonably incurred . . . for or in connection with the commencement and prosecution of the action." The *DaimlerChrysler* court noted that the statute did not define "costs and expenses" or set forth what types of costs and expenses were intended to be included or excluded; it affirmed the trial court's grant of copy costs and mileage expenses as reasonably incurred expenses.

As with the statute at issue in *DaimlerChrysler*, the statute in this case also does not define "other costs"; but here, section 18-15-307(c) gives the trial court leeway, stating that

other costs which may arise shall be charged or taxed as the court may direct. Section 18–15–307(c) also does not include the word "expenses," as section 4–90–415(c) did in *DaimlerChrysler*. In our case, the trial court did not direct that these costs be taxed to Bryant, and we cannot say it erred in its interpretation.

Affirmed in part; reversed and remanded in part.

VIRDEN and HARRISON, JJ., agree.

*The Boswell Law Firm*, by: *John Andrew Ellis*, for appellants.

*Richard Chris Madison*, for appellee.