

# ARKANSAS COURT OF APPEALS

DIVISION I
**No.** CV-16-377

| | |
|---|---|
| PAT M. IOUP | **Opinion Delivered** May 3, 2017 |
| APPELLANT | APPEAL FROM THE SALINE COUNTY CIRCUIT COURT [NO. 63CV-14-360] |
| V. | |
| CITY OF BENTON, ARKANSAS | HONORABLE GARY ARNOLD, JUDGE |
| APPELLEE | AFFIRMED IN PART; REVERSED AND REMANDED IN PART |

## DAVID M. GLOVER, Judge

Pat Ioup appeals the Saline County Circuit Court's determination she is not entitled to attorney's fees and costs under Arkansas Code Annotated section 18-15-307 (Repl. 2015). We affirm in part and reverse and remand in part.

In June 2014, pursuant to Arkansas Code Annotated sections 18-15-201 and 18-15-301 et seq., the City of Benton ("Benton") filed a complaint against Joe[1] and Pat Ioup and JP Morgan Chase Bank, N.A.[2] to take real property owned by the Ioups pursuant to eminent domain for the expansion of Alcoa Road in Benton, Arkansas. Benton asserted in the complaint that the real property in question was worth a total of $188,700, and attempts to

---

[1]Joe Ioup, Pat Ioup's husband, was also a defendant/counter-claimant in the lower court; however, he died prior to the lodging of the record, and Pat Ioup is the sole appellant.

[2]JP Morgan Chase Bank has an interest in the property by virtue of holding a mortgage on the property.

negotiate the purchase of the property had not been successful. It requested immediate possession of the property and asked the circuit court to set a hearing to determine the value of the property and the compensation to be paid to Ioup. By court order, Benton deposited $188,700 into the registry of the court and was given immediate possession of the real property. Ioup answered and denied Benton's allegations; she also filed a counterclaim seeking damages, attorney's fees, costs, interest, and any other relief to which she might be entitled. A jury awarded Ioup $225,000 from Benton as the just compensation for the taking of their property.[3] On October 26, 2015, the Saline County Circuit Court entered a judgment reflecting the jury's determination, less a credit for $188,700 for the amount Benton had previously paid into the registry of the court, and vesting fee-simple title to the real property in question in Benton.

On November 2, 2015, Ioup filed a motion seeking costs of $8,229.94 and attorney's fees in the amount of $39,318.76 pursuant to Arkansas Code Annotated section 18–15–307(c) (Repl. 2015). This statutory section provides, "The costs occasioned by the assessment shall be paid by the corporation, and, as to the other costs which may arise, they shall be charged or taxed as the court may direct." Specifically, Ioup asserted she had incurred costs for an appraisal ($3900.00), color copies ($528.50), copies ($198.00), court reporter ($528.50), expert fees ($3007.50), faxes ($28.00), and postage ($39.44). While the trial court initially held it would grant attorney's fees, Benton filed a motion to reconsider, which was granted. In an order filed January 20, 2016, the trial court denied both attorney's fees and all costs requested

---

[3]The amount of compensation is not an issue on appeal.

SLIP OPINION

by Ioup. Ioup filed her notice of appeal on April 12, 2016, arguing that the trial court erred in denying her motion for attorney's fees and costs.

Our decision in this case is based on precedents from our supreme court in *City of Benton v. Alcoa Road Storage, Inc.*, 2017 Ark. 78, ___ S.W.3d ___, and our court in *Brown v. City of Bryant*, 2017 Ark. App. 239, ___ S.W.3d ___. In *Alcoa Road Storage*, our supreme court held that attorney's fees are not recoverable under section 18-15-307(c) "because there is no statutory authority for awarding attorneys' fees against a municipality in a condemnation proceeding," and "attorneys fees are not chargeable as costs in litigation unless specifically permitted by statute." 2017 Ark. 78, at 2, ___ S.W.3d at ___. Furthermore, with respect to expert-witness fees, our supreme court also held that "when the legislature provided for 'costs occasioned by the assessment,' it was contemplating only those costs that could be taxed in an ordinary action, and not all expenses that a party may have incurred," *Alcoa Road Storage*, 2017 Ark. 78, at 2, ___ S.W.3d ___, ___, concluding that expert-witness fees could not be treated as costs and charged against the losing party in the absence of statutory authority. *See also City of Benton v. Teeter*, 2017 Ark. 80. We are bound by these determinations made by our supreme court.

As in *Brown*, Ioup seeks to recover other costs in addition to attorney's fees and expert-witness fees under section 18-15-307(c)—specifically, costs for the appraisal ($3900.00), color copies ($528.50), copies ($198.00), court reporter ($528.50), expert fees ($3007.50), faxes ($28.00), and postage ($39.44). As we established in *Brown*: (i) the cost of the appraisal should have been granted as a cost occasioned by the assessment, and we reverse and remand on that

3

issue; and (ii) we affirm the denial of Ioup's request for other costs.

Affirmed in part; reversed and remanded in part.

VIRDEN and HARRISON, JJ., agree.

*The Boswell Law Firm*, by: *John Andrew Ellis*, for appellant.

*Jensen, Young & Houston, PLLC*, by: *Brent Houston*, for appellee.