Cite as 2019 Ark. App. 522

# ARKANSAS COURT OF APPEALS

DIVISION II
**No.** CV-19-83

| | |
|---|---|
| RICK A. BLANCHARD, AS TRUSTEE OF THE RICK A. BLANCHARD LIVING TRUST AGREEMENT DATED AUGUST 18, 1989<br><br>APPELLANT<br><br>V.<br><br>CITY OF SPRINGDALE, ARKANSAS, A MUNICIPAL CORPORATION ACTING BY AND THROUGH ITS WATER AND SEWER COMMISSION<br>APPELLEE | **Opinion Delivered:** November 6, 2019<br><br>APPEAL FROM THE BENTON COUNTY CIRCUIT COURT [NO. 04CV-16-1060]<br><br>HONORABLE XOLLIE DUNCAN, JUDGE<br><br>AFFIRMED IN PART; REVERSED IN PART |

**KENNETH S. HIXSON, Judge**

This is an appeal from an eminent-domain proceeding, and the issues on appeal involve only costs and attorney's fees. The litigation was initiated when appellee Springdale Water and Sewage Commission (SWSC)[1] filed an eminent-domain complaint against appellant, Rick A. Blanchard, as Trustee of the Rick A. Blanchard Living Trust Agreement dated August 18, 1989 (the Trust). SWSC's complaint sought two utility easements over property owned by the Trust and prayed that just compensation be awarded. After a jury trial, the jury returned a verdict of $104,846.12 to the Trust as just compensation for the easements, and a judgment was entered in this amount. The Trust subsequently filed a

---

[1]SWSC is a municipal corporation.

motion for attorney's fees and costs, and the trial court entered an order denying the Trust's motion. The Trust now appeals, contending the trial court erred in denying the motion for attorney's fees and costs. We affirm the trial court's denial of attorney's fees, and we affirm in part and reverse in part the denial of costs.

I. *The Award of Just Compensation for the Taking*

The Trust owns 54.93 acres of property in Benton County (the Trust property). In 2016, SWSC sought a 65-foot-wide utility easement across the middle of the Trust property and a 35-foot easement along the edge of the Trust property next to a state highway. These proposed easements formed an L-shape and consisted of 2.61 acres. Although SWSC was seeking two easements, for ease of discussion we will hereafter refer to them collectively as "the easement." In prelitigation negotiations, SWSC and the Trust were unable to reach an agreement regarding the appropriate just compensation for the easement.

On July 27, 2016, SWSC filed a complaint against the Trust. In its complaint, SWSC asserted that it was authorized to acquire easements by eminent domain pursuant to Ark. Code Ann. §§ 18-15-301 et seq., §§ 18-15-401 et seq., and § 14-235-210. SWSC attached to its complaint a copy of the easement. SWSC's complaint stated that the easement was "needed for the construction and maintenance of improvements to and for the location *of sewer lines*." (Emphasis added.) The easement, which was attached to the complaint, contained a property description of the entirety of the Trust property, as well as a description of the portions of the Trust property to be encumbered by the easement. The easement provided for the right of ingress and egress "for the purpose of laying, repairing, inspecting, maintaining, removing, or replacing, said water transmission line(s), *and/or* sewer collection

2

or force main line(s), and the right of exercising all other rights necessary to carry out the purposes for which this easement is created." (Emphasis added.) The easement further provided that the grantee "shall have and is hereby granted the right of constructing, reconstructing, locating, relocating, inspecting, patrolling, [and] expanding existing facilities or such additional facilities, and appurtenances as may be required in the future."

Also on July 27, 2016, SWSC filed a motion for order of possession. In this motion, SWSC represented that "the rights of way condemned by plaintiff in this action are for the construction of improvements to and for the installation *of sewer lines*." (Emphasis added.) Attached to the motion was an appraisal report prepared by Shannon Mueller. The appraisal report states that the easement "is intended to be 'for a water transmission line(s), *and/or* sewer collection or force main line(s).'" (Emphasis added.) The SWSC's appraisal report also states that "*[t]he intended use* of this report is to assist the client [SWSC] with an acquisition (permanent easement) decision in connection with the Spring Creek Sanitary *Sewer Project*." (Emphasis added.) SWSC's appraisal estimated that the damage to the value of the Trust property resulting from the easement was $33,900. Relying on this estimate of just compensation, SWSC deposited $33,900 with the clerk of the court.

On July 29, 2016, the trial court entered an order of possession granting SWSC the right of possession of the property described in the easement attached to SWSC's complaint. The order of possession states that SWSC's easement is "needed by the plaintiff for the construction and maintenance of improvements to and for the installation of *sewer lines*." (Emphasis added.)

3

On August 17, 2016, the Trust answered SWSC's complaint. In its answer, the Trust asserted that the estimated compensation of $33,900 deposited by SWSC was insufficient to compensate the Trust for the condemnation of the subject property. The Trust asked that the trial court empanel a jury to ascertain the amount of just compensation due to the Trust.

A two-day jury trial was held on August 21 and 22, 2018. At trial, the Trust presented the testimony of its own appraiser, Glen Carlson. Carlson prepared an appraisal report wherein he estimated the damages caused by the "utility easement" to be $121,000.

Rick Pulvirenti, a civil engineer employed by SWSC, testified about the easement crossing the Trust property. Pulvirenti indicated that the easement is part of the Spring Creek Sewer Project. This project extends the boundaries of SWSC's sewage service and requires the installation of sewer lines for the transmission of sewage from a lift station to SWSC's wastewater-treatment facility. These sewer lines cross the Trust property, creating the necessity for the easement. Pulvirenti stated that "[t]his project is only the transmission of sewage between the lift station and some other point." Pulvirenti indicated that at some future time, SWSC could install additional sewer lines over the easement that would result in no additional compensation to the Trust. Pulvirenti testified that SWSC also has water lines running through other portions of the Trust property, but that compensation for those lines was negotiated years ago when the water lines were installed. He stated that the water lines are not part of this project.

After the trial, the jury returned a verdict of $104,846.12 in favor of the Trust as just compensation for the taking. The verdict was entered of record on August 23, 2018.

4

## II. *The Motion for Attorney's Fees and Costs*

The Trust filed a motion for attorney's fees and costs, and this motion set off a flurry of motions and countermotions by each party. Each motion and countermotion advanced specific interpretations and constructions of the aforementioned statutes, which ultimately resulted in the trial court denying appellant's motion for attorney's fees and costs.

On August 24, 2018, the Trust filed its initial motion for attorney's fees and costs. The Trust's motion was made pursuant to Ark. Code Ann. § 18-15-605(b) (Repl. 2015), which provides:

> In the case of application for orders of immediate possession by the *corporation or water association*, if the amount awarded by the jury exceeds the amount deposited by the *corporation or water association* in an amount which is more than twenty percent (20%) of the sum deposited, the landowner shall be entitled to recover the reasonable attorney's fees and costs.

(Emphasis added.) The Trust asserted that this statute provides for attorney's fees and costs in condemnation proceedings involving municipalities where the jury awards damages of more than 20 percent than the sum deposited. Noting that the jury's verdict exceeded the amount deposited by SWSC by more than 20 percent, the Trust requested attorney's fees of $49,832.50 and costs of $9237.00.

On August 29, 2018, SWSC filed a response to the Trust's motion for attorney's fees and costs. In its response, SWSC contended that the Trust was not entitled to attorney's fees or costs because Ark. Code Ann. § 18-15-605(b) does not apply to a taking for a sewer line. In its accompanying brief, SWSC asserted that Ark. Code Ann. § 18-15-301(a) provides the general authority of a municipal corporation to condemn private property for construction or other lawful purposes; that Ark. Code Ann. § 18-15-401 describes a

5

municipality's authority to exercise that broad condemnation power for water systems; and that Ark. Code Ann. § 14-235-210 (Repl. 1998) extends municipal authority to condemnations for purposes of expanding sewer systems. SWSC asserted that Ark. Code Ann. §§ 18-15-601 et seq., which SWSC did not rely on in these proceedings, provides a means by which a municipality can condemn land for purposes of expanding a water system or water-generated electric system. SWSC contended that Ark. Code Ann. § 18-15-605(b), upon which the Trust relied in its application for attorney's fees and costs, has no application to this case because its application is limited to a condemnation for purposes of expanding a city's municipal water system. SWSC argued that because it acted only to expand its sewer system, it was not responsible for the Trust's attorney's fees or costs. SWSC noted that its complaint, its motion for order of possession, and the trial court's order of possession all reference an easement for the installation and maintenance of sewer lines. SWSC asserted that it had clearly requested that its easement be limited to sewer lines, and that sewer lines were the only lines SWSC had run within the easement.

Before an underlying judgment was entered and while the Trust's motion for attorney's fees and costs remained pending, the Trust filed a motion regarding the form of the judgment, and SWSC filed a response. In the Trust's motion filed on September 5, 2018, and SWSC's response filed on September 10, 2018, the parties disagreed as to the nature of the easement that had been granted to SWSC and prepared different precedents for consideration by the trial court.

In the Trust's motion, it contended that SWSC's easement was not limited to sewer lines but that it also included water-transmission lines (which would then permit the Trust

6

to recover statutory attorney's fees). In support of its claim, the Trust noted that the stated purpose of the easement that SWSC attached to its complaint was for "water transmission line(s), *and/or* sewage collection or force main line(s)." (Emphasis added.) The Trust alleged that SWSC's postverdict characterization of the easement as only a sewage easement was a thinly veiled effort to avoid an assessment of attorney's fees and costs as contemplated under the statute that authorizes attorney's fees and costs for the taking of waterworks easements. The Trust submitted a proposed judgment wherein the Trust would be compensated for the taking of a *permanent utility easement*.

SWSC responded that, notwithstanding the generic reference to transmission lines *and/or* sewer-collection lines in the easement attached to its complaint, its application for an easement was at all times limited to sewage-transmission lines as evidenced by the language in the complaint itself. SWSC stated that the testimony at trial confirmed that sewage-transmission lines were currently in the easement and that other sewage-transmission lines would likely be added in the future. SWSC submitted a proposed judgment wherein the Trust would be compensated for the taking of a *permanent utility easement for sewer lines*.

The trial court accepted the precedent submitted by SWSC. On September 19, 2018, the trial court entered a judgment awarding the Trust $104,846.12 as just compensation for "the taking of a permanent utility easement *for sewer lines*." (Emphasis added.)

On September 25, 2018, the Trust filed an amended motion for attorney's fees and costs. In its amended motion, the Trust realleged its claim for attorney's fees of $49,832.50 and costs of $9327.00 under Ark. Code Ann. § 18-15-605(b). In addition, the Trust

7

requested the above attorney's fees and costs under a common-law theory that SWSC had failed to act in good faith by instituting, and later abandoning, condemnation proceedings (i.e., SWSC's posttrial request to limit the easement to a sewer easement in an effort to avoid liability for attorney's fees and costs). Finally, the Trust also sought $5560 in costs pursuant to subsection (c) of Ark. Code Ann. § 18-15-307, which provides in pertinent part:

(a) As soon as the amount of compensation that may be due to the owners of the property taken, or to any of them, shall have been ascertained by the jury, the court shall make such order as to its payment or deposit as shall be deemed right and proper in respect to the time and place of payment and the proportion to which each owner is entitled and may require adverse claimants of any part of the money and interests according to equity and justice.

(b) The court may direct the time and manner in which possession of the property condemned shall be taken or delivered and may, if necessary, enforce any order giving possession.

(c) *The costs occasioned by the assessment shall be paid by the corporation*, and, as to the other costs which may arise, they shall be charged or taxed as the court may direct.

(Emphasis added.)

On September 27, 2018, SWSC filed a response to the Trust's amended motion for attorney's fees. In its response, SWSC again denied that the Trust was entitled to attorney's fees or costs under Ark. Code Ann. § 18-15-605(b), and further denied that the Trust was entitled to attorney's fees or costs under the theory that SWSC had abandoned condemnation proceedings. SWSC asserted that it had never asked the trial court to award it an easement for water lines and that SWSC took the exact easement it had requested in its complaint. Finally, SWSC argued that the Trust could not recover any costs under Ark. Code Ann. § 18-15-307(c).

8

On October 8, 2018, the Trust filed a reply to SWSC's response to its amended motion for attorney's fees and costs. In this response, the Trust reduced its claim to costs under Ark. Code Ann. § 18-15-307(c) to $3160, which represented the cost of a $2000 appraisal prepared by Glen Clarkson and $1160 in expert-witness fees owed to Timothy Sorey. The Trust attached the affidavit of Carlson, who had prepared the appraisal of damages caused by the easement, and the affidavit of Sorey, an engineer who testified about the suitability of the Trust's property for residential development and the effects of the easement on the development potential of the property.

On October 10, 2018, the trial court entered an order denying the Trust's motion and amended motion for attorney's fees and costs. The trial court made these findings:

1. This matter was heard before a jury on August 21, 2018 and August 22, 2018 which resulted in a verdict in favor of the Defendant in the amount of One Hundred Four Thousand Eight Hundred Forty-Six and 12/100 Dollars ($104,846.12). This verdict exceeded the Plaintiff's deposit at the start of the case by the amount of Seventy Thousand Nine Hundred Forty-Six and 12/100 Dollars ($70,946.12).

2. The Defendant filed its Motion for Attorney's Fees and Costs prior to the entry of the judgment in this case. The Plaintiff responded and Defendant filed a reply. Then subsequent to the entry of the judgment, filed its Amended Motion for Attorney's Fees and Costs, made the same arguments it had previously and incorporated its previous filings.

3. The Plaintiff has responded to the Amended Motion.

4. The Court is ready to rule on the issue before it.

5. The Defendant, in its Motion for Attorney's Fees and Costs, only relied upon Ark. Code Ann. § 18-15-605(b). The statute cited was also included in the Amended Motion for Attorney's Fees and Costs, but it only relates to a condemnation *for purposes of expanding a city's municipal water system*.

6. Because, at the onset of the case, the Court granted an Order of Possession to Plaintiff only "for the construction and maintenance of improvements to and

9

for the installation *of sewer lines*," Ark. Code Ann. § 18-15-605(b) does not apply.

7.    The Defendant first cited in its reply to Plaintiff's response to the original motion: *Vera Lee Weaver Living Tr.*, 969 S.W.2d 681 (1998); *Des Arc Watershed Improvement District*, 609 S.W.2d 70 (1980); and *Housing Authority of the City of North Little Rock*, 393 S.W.2d 268 (1965). The Defendant then added those cases to its Amended Motion as [an] alternative theory to recover fees and costs. Those cases deal with the circumstance where a condemning authority abandoned and dismissed its eminent domain action. Those cases are not applicable to the facts of this case.

8.    The Defendant first cited Ark. Code Ann. § 18-15-307(c) in its reply. The Defendant added this statute to its Amended Motion as an alternative theory to recover costs. Per *City of Benton v. Alcoa Road Storage, Inc.*, 2017 Ark. 78, 513 S.W.3d 259 (2017), this statute does not apply.

9.    The Defendant's Motion for Attorney's Fees and Costs and its Amended Motion for Attorney's Fees and Costs are both denied.

(Emphasis added.) The Trust timely appealed from the trial court's October 10, 2018, order denying the Trust's request for attorney's fees and costs.

### III.   *The Analysis on Appeal*

The Trust raises four arguments for reversal of the trial court's order. However, after carefully sifting through these arguments, the appellant's principal contention is that by inserting the phrase "and/or" in its form easement, the SWSC was actually acquiring an easement for water lines "and" sewer lines, and therefore, the statute that authorizes attorney's fees for water lines is applicable herein.

First, appellant argues that the trial court erred by denying the Trust's request for attorney's fees and costs under Ark. Code Ann. § 18-15-605(b). Second, it contends that the trial court erred in finding that the extent of the taking and future use are determined exclusively from the order of possession for purposes of awarding attorney's fees under Ark.

10

Code Ann. § 18-15-605(b). Third, the Trust argues that the trial court erred in denying its request for costs under Ark. Code Ann. § 18-15-307(c). Finally, the Trust asserts that attorney's fees and costs should have been assessed against SWSC because SWSC acted in bad faith by instituting an action for "water transmission line(s) and/or sewer collection or force main line(s)," and then later abandoning part of that request (i.e., water lines) in an effort to avoid attorney's fees and costs.

The Trust's first argument is that it was entitled to attorney's fees and costs pursuant to Ark. Code Ann. § 18-15-605(b), which provides:

> In the case of application for orders of immediate possession by the *corporation or water association*, if the amount awarded by the jury exceeds the amount deposited by the *corporation or water association* in an amount which is more than twenty percent (20%) of the sum deposited, the landowner shall be entitled to recover the reasonable attorney's fees and costs.

(Emphasis added.) The Trust contends that the above provision applies because SWSC's condemnation of the easement over the Trust property was for both *sewage and water* operations, and because the amount of compensation awarded by the jury exceeded the amount deposited by SWSC by more than 20 percent.[2]

In addressing the Trust's first argument, our analysis requires a review of various eminent-domain statutes. Arkansas Code Annotated sections 18-15-301 et seq. pertain to municipal corporations generally, and Ark. Code Ann. § 18-15-301(a) provides the general authority of a municipal corporation to enter upon and condemn private property for construction or other purposes. Arkansas Code Annotated sections 18-15-401 et seq.

---

[2]The Trust makes no argument that SWSC's condemnation of the property for sewage lines triggers the attorney's-fee statute. It instead argues that the statute applies because SWSC's easement was also for water-transmission lines.

11

pertain to waterworks systems and describes a municipality's authority to exercise its condemnation power for waterworks purposes. Arkansas Code Annotated sections 18-15-601 et seq. pertain to water and water-generated electric companies and provides authority for municipal corporations to expand their water-supply facilities through eminent domain. The attorney's-fee statute at issue here, Ark. Code Ann. § 18-15-605(b), lies within the immediately-above subchapter. Finally, Ark. Code Ann. §§ 14-235-201 et seq. govern the operation of municipal-sewage systems. Arkansas Code Annotated section 14-235-210 provides the authority for a municipality to condemn property for purposes of constructing or expanding sewer systems. Subsection 14-235-210(a)(3) provides that proceedings under this section shall be pursuant to Ark. Code Ann. §§ 18-15-301 to –303 and any acts supplemental to it.

The Trust acknowledges in its argument that for Ark. Code Ann. § 18-15-605(b) to apply, there must be an eminent-domain action related to a waterworks project. It is important to note that the Trust does not argue that subsection 605(b) applies to sewage systems. The Trust argues that subsection 605(b) applies here because in addition to its request for sewage lines, SWSC also requested an easement for water lines pursuant to Ark. Code Ann. §§ 18-15-401 et seq. (i.e., the use of the phrase "and/or"). In support of its argument, the Trust notes that SWSC's complaint specifically references Ark. Code Ann. §§ 18-15-401 et seq. and that the easement attached to SWSC's complaint provides that the purpose of the easement is for "water transmission line(s), *and/or* sewer collection or force main line(s)." The Trust asserts that SWSC's own appraiser based his estimate of just compensation on the above terms described in the easement. The Trust asserts further that,

12

while the easement is currently being used for only sewer lines, the testimony at trial indicated the possibility of a future dual use, i.e., sewer *and water*, of the easement. Again, the Trust hinges its argument on the use of the phrase "and/or" in the easement prepared by SWSC.

In support of its argument, the Trust relies primarily on *City of Fort Smith v. Carter*, 364 Ark. 100, 216 S.W.3d 594 (2005). In that case, the City of Fort Smith sought to condemn real property involved in the Lake Fort Smith expansion project, which provided public water to certain communities. After being awarded just compensation of more than 20 percent of the amount offered by the City, the Carters requested attorney's fees under Ark. Code Ann. § 18-15-605(b). In opposition to the attorney's fees, the City of Fort Smith asserted that it had exercised its power of eminent domain under Ark. Code Ann. §§ 18-15-401 et seq., which it contended rendered Ark. Code Ann. § 18-15-605(b) inapplicable. The trial court denied attorney's fees, but the supreme court reversed. The supreme court rejected the City of Fort Smith's argument relying on Ark. Code Ann. § 18-15-401(c), which provides that "this subchapter shall be cumulative to any other laws of eminent domain in favor of municipalities operating municipal waterworks systems." The supreme court interpreted this statute such that the requirements of subchapter 4 include and are subject to the requirements of subchapter 6, including the grant of attorney's fees under Ark. Code Ann. § 18-15-605(b). The supreme court reversed and remanded for the trial court to assess attorney's fees, essentially holding that Carter was entitled to attorney's fees under subsection 605(b) because the eminent-domain taking by the City of Fort Smith was for operating municipal waterworks systems.

13

In contrast, SWSC asserts that Ark. Code Ann. § 18-15-605(b) does not apply to this case because the taking herein was limited to sewer lines and not municipal waterworks. SWSC primarily relies on *Combs Revocable Trust v. City of Russellville*, 2011 Ark. 186. In *Combs*, the City of Russellville exercised its eminent-domain authority under Ark. Code Ann. §§ 18-15-201 et seq., using the procedures set forth in Ark. Code Ann. §§ 18-15-301 et seq., for the purpose of expanding and improving a roadway and improving drainage and flood control in the surrounding area. After recovering a judgment for just compensation in excess of 20 percent of the amount offered by the City, the landowner sought attorney's fees under Ark. Code Ann. § 18-15-605(b) (the waterworks statute), and the trial court denied the request. On appeal, the supreme court held that in order for Ark. Code Ann. § 18-15-605(b) to apply, the city must have based its underlying condemnation action upon use of its power of eminent domain to expand its water-supply facilities advanced under subchapter 4. The supreme court affirmed the denial of attorney's fees because the city did not invoke its eminent-domain authority for purposes of a waterworks system.

In the briefs presented to this court, both parties contend that our review of the trial court's denial of the Trust's motion for attorney's fees is contingent upon our interpretation of the statutes. However, we disagree. The pertinent statutes herein have already been interpreted by our supreme court. As such, we are compelled to resolve this issue under the most current supreme court precedents. Even if we were to agree that this case involves the interpretation of a statute, such an interpretation would not be dispositive of the issue of whether the easement attached to the complaint would fall within the scope of the statute. The cases cited by the parties, *City of Fort Smith*, *supra*, and *Combs*, *supra*, have already

14

interpreted the applicable attorney's fee statute, Ark. Code Ann. § 18-15-605(b). And the legislature has not since amended or modified this statute. In these cases, the supreme court interpreted the statute to provide for attorney's fees only when the municipality invokes its eminent-domain authority for purposes of expanding its waterworks system. Because the parties herein agree that Ark. Code Ann. § 18-65-605(b) will not apply unless SWSC's easement includes the transmission of water lines, there is no need for our court to interpret this statute.

Instead of resolving the issue as one of statutory interpretation, we conclude that to resolve this issue we must apply the rules of contract construction to the easement language itself. The pivotal issue is whether SWSC's easement is for only sewer lines, as asserted by SWSC and found by the trial court; or whether the easement is for both sewer lines *and water-transmission lines*, as asserted by the Trust. This necessarily involves construing the meaning of the language in the easement and, unfortunately, the construction of the oft disfavored phrase "and/or."

When a contract is unambiguous, its construction is a question of law for the court, and the intent of the parties is not relevant. *Kennedy v. Kennedy*, 53 Ark. App. 22, 918 S.W.2d 197 (1996). However, when the terms of a contract are ambiguous and susceptible to more than one meaning, extrinsic evidence is permitted to establish the intent of the parties, and the meaning of the contract becomes a question of fact. *Vogelgesang v. U.S. Bank, NA.*, 92 Ark. App. 116, 211 S.W.3d 575 (2005). Our supreme court has explained that when an ambiguity exists in a contract, we are permitted to look outside the contract to determine the actual intent and conduct of the parties. *Rockefeller v. Rockefeller*, 335 Ark.

15

145, 980 S.W.2d 255 (1998). When an ambiguity exists, parol evidence may be admitted. *Ultracuts, Ltd. v. Wal-Mart Stores, Inc.*, 343 Ark. 224, 33 S.W.3d 128 (2000). It may not be admitted to alter, vary, or contradict the written contract, but it may be admitted to prove an independent, collateral fact about which the written contract was silent. *Id.*

The easement attached to SWSC's complaint provided for "water transmission line(s) *and/or* sewer collection lines or force main lines." (Emphasis added.) The parties disagree on the meaning of "and/or" as used in this clause and in the context of this case. The Trust argues that "and/or" means "and"; SWSC contends that it means "or." We conclude that the term "and/or" as used in the easement is ambiguous.

The expression "and/or" is equivocal and is neither positively conjunctive nor positively disjunctive. *See Bank Bldg. & Equip. Corp. of Am. v. Ga. State Bank*, 209 S.E.2d 82 (Ga. App. 1974). In *Delta Timber Corp. v. Newland*, 2012 Ark. App. 271, 412 S.W.3d 862, we held that a contract was ambiguous and noted that the use of the term "and/or" in the contract only served to confuse, not clarify, the task of construing the document. Similarly, in *Heath v. Westark Poultry Processing Corp.*, 259 Ark. 141, 531 S.W.2d 593 (1976), the supreme court stated that the phrase "and/or" has brought more confusion than clarity to the task of construction of statutes, contracts, and pleadings. And in *Boren v. Qualls*, 284 Ark. 65, 680 S.W.2d 82 (1984), the supreme court stated that "and/or" is an imprecise term that has been at best "equivocal" and at worst "a linguistic abomination." *See also* 17 Am. Jur. 2d *Contracts* § 375 (1993) (the term "and/or" as ordinarily used is purposely ambiguous, and the principal construction placed by the parties on the term, and the circumstances

16

surrounding the execution of the agreement, may be of aid in determining what interpretation will best accord with the equities of the case).

A provision in a contract is ambiguous when it is susceptible to two or more reasonable interpretations. *Phelps v. U.S. Life Credit Life Ins. Co.*, 336 Ark. 257, 984 S.W.2d 425 (1999). Because the term "and/or" as used in SWSC's easement is susceptible to two reasonable interpretations, it is ambiguous; therefore, its meaning may be established using extrinsic evidence, including testimony. Here, it is a reasonable interpretation to construe the language in the easement as allowing installation of water lines *and* sewer lines. It is also a reasonable interpretation to allow the installation of water lines *or* sewer lines. Hence, the insertion of "and/or" in this easement renders it ambiguous.[3] Since we hold that the language of the easement herein is ambiguous, we may resort to rules of contract construction to interpret the easement language. Here, the extrinsic evidence demonstrated that SWSC was exercising its eminent-domain powers exclusively for the construction of sewer lines, and not water lines, as found by the trial court.

The Trust is correct that, in both its complaint and motion for order of possession, SWSC identified its general authority to act under Ark. Code Ann. §§ 18-15-401 et seq. as well as other eminent-domain statutes. However, it is evident that in this case, SWSC was not exercising its eminent-domain powers under Ark. Code Ann. §§ 18-15-401 et seq. for any waterworks project but was instead proceeding under Ark. Code Ann. § 14-235-210,

---

[3]This is not to say that the use of "and/or" is always per se ambiguous depending on the context in which it is used. However, in this instance, both interpretations are reasonable; hence, it is ambiguous.

which authorizes eminent–domain proceedings for sewer systems as provided in Ark. Code Ann. §§ 18-15-301 to –303.

SWSC's complaint states, in relevant part:

2. That by virtue of the provisions of Ark. Code Ann. §§ 18–15–301 et seq., and §§ 18-15-401 et seq., plaintiff is authorized to acquire by eminent domain rights-of-way, easements, and interests in fee simple to real property for any property useful for municipal waterworks purposes and all other appurtenances necessary, useful and convenient for the proper operation of its municipal waterworks system within and without the City of Springdale, Arkansas. *Further, Ark. Code Ann. § 14-235-210 extends the same powers of eminent domain to municipalities for their sewer system as provided in §§ 18-15-301 thru 18-15-303.*

3. That *the easements contained in Exhibits "A-1 and A-2," which are attached hereto* and made a part hereof, showing the landowners, are located in Benton County, Arkansas, and *are needed for the construction and maintenance of improvements to and for the location of sewer lines* and have been authorized for condemnation by the Springdale Water and Sewer Commission of the City of Springdale, Arkansas; and it is necessary that said easements be condemned by order of this court and title thereto vested in plaintiff, City of Springdale, Arkansas, acting by and through its Water and Sewer Commission.

(Emphasis added.) Although SWSC's complaint states in paragraph two that it has overall authority to acquire easements for municipal waterworks purposes under Ark. Code Ann. §§ 18-15-401 et seq., that same paragraph continues and states that the SWSC also has eminent-domain authority for sewer systems under § 14–235–210. Paragraph three of the complaint specifically describes that the easement *in this case* is needed for the construction and maintenance of sewer lines.

SWSC's motion for order of possession also makes it clear that its condemnation action is limited to a sewer project. SWSC's motion states that "the rights of way condemned by plaintiff *in this action* are for the construction of improvements to and for the installation of *sewer lines*." (Emphasis added.) Consistent with SWSC's complaint and

18

motion for order of possession, the order of possession entered by the trial court states that the attached easement is "needed by the plaintiff for the construction and maintenance of improvements to and for the installation of sewer lines." And contrary to the Trust's argument, the trial testimony of engineer Rick Pulvirenti did not conflate the easement into one for both sewage and water transmission. Pulvirenti's testimony indicated that sewer lines had already been constructed within the easement and that additional sewer lines might be constructed in the future. Conversely, Pulvirenti indicated that the Trust had already been compensated for preexisting water-transmission lines on a different parcel of the Trust property, and that the water-transmission lines were not part of the sewer project. Pulvirenti stated that "[t]his project is *only* the transmission of sewage between the lift station and some other point."

We will not set aside a trial court's finding of fact regarding the meaning of an ambiguous contract term unless it is clearly erroneous. *Pittman v. Pittman*, 84 Ark. App. 293, 139 S.W.3d 134 (2003). A finding is clearly erroneous when the appellate court is left with a definite and firm conviction that a mistake has been committed. *Covenant Presbytery v. First Baptist Church*, 2016 Ark. 138, 489 S.W.3d 153. We hold that the trial court did not clearly err in finding that SWSC's easement did not relate to condemnation for purposes of expanding its water system.[4] That being so, Ark. Code Ann. § 18-15-605(b) is

---

[4]We acknowledge the rule of contract construction that an ambiguity in an instrument is generally construed against the drafter. *See Sturgis v. Skokos*, 335 Ark. 41, 977 S.W.2d 217 (1998). However, this rule is not to be applied until and unless doubt exists after the court has given consideration to the parol evidence admitted to explain and aid in the interpretation of an ambiguity in the contract. *Hickman v. Kralicek Realty and Constr. Co.*, 84 Ark. App. 61, 129 S.W.3d 317 (2003). In this case, the parol evidence and other

inapplicable, and the trial court properly denied the Trust's claim for attorney's fees under this statute.

The Trust next argues that the trial court erred in finding that the extent of the taking is determined exclusively by reference to the order of possession for purposes of awarding attorney's fees and costs under Ark. Code Ann. § 18-15-605(b). The trial court's order states: "Because, at the onset of this case, the court granted an Order of Possession to plaintiff only 'for the construction and maintenance of improvements to and for the installation of sewer lines,' Ark. Code Ann. § 18-15-605(b) does not apply." The Trust argues that the order of possession does not control attorney's fees and costs and that the trial court's finding ignored the overwhelming evidence that SWSC's easement was for both water lines and sewer lines.

We find no error under this point. Contrary to the Trust's argument, and as stated previously in this opinion, neither the pleadings nor the evidence demonstrated that SWSC's easement was for both water lines and sewer lines. In the trial court's order denying attorney's fees and costs under Ark. Code Ann. § 18-15-605(b), the trial court found that "[t]he statute cited was [included in the Motion for Attorney's Fees and costs] and was also included in the Amended Motion for Attorney's Fees and costs, but it *only relates to a condemnation for purposes of expanding a city's municipal water system*." (Emphasis added.) This was a correct statement of the law, and the trial court's order of possession was consistent with what the proof showed at trial. The order of possession contemplated only sewer lines,

---

extrinsic evidence before the trial court decisively showed that the easement did not relate to waterworks, so there was no need to construe the easement against SWSC.

20

and SWSC's actual use and future use of the property is only for the operation of its sewage-expansion project. Moreover, the judgment entered by the trial court after the jury returned its verdict awarded the Trust just compensation for "the taking of a permanent utility easement for sewer lines." Although the trial court's order denying attorney's fees referenced its prior order of possession as the basis for its decision, we are satisfied that the trial court considered the relevant circumstances and extrinsic evidence presented and concluded, correctly, that at no time was SWSC requesting or being awarded an easement for waterworks purposes.

The Trust's third argument is that the trial court erred by denying its request for an award of costs pursuant to Ark. Code Ann. § 18-15-307(c), which provides in relevant part that the "costs occasioned by the assessment shall be paid by the corporation." Pursuant to this subsection, the Trust requested $3160 in costs, which corresponds to a $2000 appraisal fee by its appraiser Glen Carlson, and $1160 in costs assessed by engineer Timothy Sorey for the time he spent preparing for and attending the trial. Based on our applicable case law, we conclude that the $2000 appraisal fee should have been assessed as costs against SWSC, but that the trial court correctly denied costs related to Sorey's expert-witness fee.

In *City of Benton v. Alcoa Road Storage, Inc.*, 2017 Ark. 78, 513 S.W.3d 259, the City of Benton brought an eminent-domain action against a landowner, and the jury awarded just compensation to the landowner for the taking. Thereafter, the landowner sought costs for its expert-witness fees under Ark. Code Ann. § 18-15-307(c), and the trial court denied the costs. The supreme court affirmed the trial court's denial of costs for expert-witness fees. The supreme court concluded that when the legislature provided for "costs occasioned

by assessment," it was contemplating only those costs that could be taxed in an ordinary action, and not all expenses that a party may have incurred. *Alcoa Road Storage*, *supra*. The supreme court expressly held that expert-witness fees are not recoverable under the statute. *Id*.

Shortly after the supreme court handed down *Alcoa Road Storage*, the court of appeals delivered *Brown v. City of Bryant*, 2017 Ark. App. 239, 520 S.W.3d 287. The issues in *Brown* also concerned a landowner's claim for costs in a condemnation action under Ark. Code Ann. § 18-15-307(c). Citing *Alcoa Road Storage*, we held in *Brown* that expert-witness fees are not "costs occasioned by the assessment" and cannot be recovered under the statute. However, in *Brown* we also held that an appraisal fee is recoverable under the statute. We wrote:

> We reference again that part of section 18-15-307(c), to wit: "[T]he costs occasioned by the "assessment" shall be paid by the corporation." *The Oxford English Dictionary* defines "assessment," in pertinent part, as "[o]fficial valuation of property or income for the purposes of taxation, the value assigned to it." We are mindful that our supreme court held in *Alcoa Road Storage* that the legislature contemplated only costs that could be taxed in an ordinary action when it wrote this statutory provision. We are also mindful that our supreme court, in *Alcoa Road Storage*, specifically defined "assessment" as "the valuation procedure for property sought to be condemned." 2017 Ark. 78, at 1, 513 S.W.3d 259. We hold the appraisal expenditure is a cost "occasioned by the assessment" that can be recovered by the Browns. The first rule in considering the meaning and effect of a statute is to construe it just as it reads, giving the words their ordinary and usually accepted meaning in common language. *Florida Oil Inv. Grp, LLC v. Goodwin & Goodwin, Inc.*, 2016 Ark. App. 380, 499 S.W.3d 674. The $3400 appraisal obtained here by the Browns is a cost specifically and necessarily incurred for assessment purposes prior to the jury trial in order to provide evidence of the assignment of valuation for the property sought to be condemned.

*Brown*, 2017 Ark. App. 239, at 5, 520 S.W.3d at 290. In *City of Bryant v. Boone Trust*, 2018 Ark. App. 547, 564 S.W.3d 550, we again held that the appraisal costs were recoverable in

an eminent-domain proceeding, noting that the cost of the appraisal did not include any expert-witness fees such as fees incurred through deposition, trial preparation, and trial attendance, which are prohibited from recovery.

Based on the foregoing case authority, the trial court erred in denying the Trust the appraisal fee. The Trust is entitled to the $2000 cost of Carlson's appraisal under Ark. Code Ann. § 18-15-307(c). However, the Trust is not entitled to Sorey's expert-witness fee assessed in conjunction with Sorey's trial preparation and attendance at trial. Therefore, we reverse the trial court's denial of the $2000 appraisal cost, but we affirm its denial of the $1160 expert-witness fees.

The Trust's remaining argument is that SWSC should have been ordered to pay the Trust's attorney's fees and costs because it failed to act in good faith. Specifically, the Trust alleges that SWSC instituted a condemnation proceeding for water lines and sewer lines, and later abandoned the water-lines request in order to avoid attorney's fees following the verdict. The Trust cites *Des Arc Bayou Watershed Improvement District v. Finch*, 271 Ark. 603, 609 S.W.2d 70 (1980), and *Housing Authority of the City of North Little Rock v. Ansler*, 239 Ark. 592, 393 S.W.2d 268 (1965), as authority for the proposition that a landowner may recover attorney's fees and expenses when a condemning agency fails to act in good faith in instituting, and later abandoning, condemnation proceedings.

We find no merit to this argument. Both of the cases cited by the Trust involved a condemnor bringing an eminent-domain action and later abandoning the condemnation after the jury had determined damages. In *Finch*, the supreme court held that a landowner may recover attorney's fees and costs, notwithstanding the absence of a statute, where the

condemnor elected to abandon the condemnation after the jury determined damages if the condemnor failed to act in good faith. However, the cases cited by the Trust have no application here.

In this case SWSC never abandoned the condemnation or any part of it, and it took the exact easement that it requested in its complaint. SWSC requested, was awarded, and accepted an easement for sewage construction and satisfied the $104,846.12 judgment as awarded by the jury. For the reasons expressed herein, we do not agree with the Trust's claim that SWSC's complaint also encompassed an easement for water lines. Thus, SWSC did not abandon that claim as alleged by the Trust. That being so, the Trust was not entitled to any attorney's fees or costs under its common-law theory of abandonment.

For the reasons expressed herein, we affirm the trial court's denial of attorney's fees and costs under Ark. Code Ann. § 18-15-605(b), as well as its denial of attorney's fees and costs under the Trust's alternate theory of abandonment. We also affirm the trial court's denial of expert-witness fees under Ark Code Ann. § 18-15-307(c). However, we reverse the trial court's denial of costs under Ark. Code Ann. § 18-15-307(c) with respect to the $2000 appraisal cost incurred by the Trust and hold that the Trust is entitled to recover these costs.

Affirmed in part; reversed in part.

ABRAMSON and VIRDEN, JJ., agree.

*Kelley Law Firm, PLLC*, by: *Glenn E. Kelley* and *Caroline W. Kelley*, for appellant.

*Crouch, Harwell, Fryar & Ferner, PLLC*, by: *Charles L. Harwell* and *Matthew L. Fryar*, for appellee.

24